(April 10, 1893.)

## O'NEILL v. WHITCOMB.

[32 Pac. 1133.]

CHATTEL MORTGAGE—CLAIM AND DELIVERY FOR WRONGFUL TAKING.—
Mortgagee of personal property to whom delivery of mortgaged property has been made can maintain claim and delivery for the wrongful taking thereof by a third party.

(Syllabus by the court.)

APPEAL from District Court of Nez Perces County.

James E. Babb, for Appellant.

A chattel mortgagee to whom the mortgagor has delivered possession of the property, to be sold by the mortgagee to pay the debt secured, can maintain claim and delivery against a stranger who takes the property, and is not limited to the sole remedy of a suit to foreclose. (*Berson v. Nunan,* 63 Cal. 550.) "The recording of a mortgage is made the equivalent of an immediate delivery. By and under it the mortgagee is, in law, in possession of the chattels." (Jones on Chattel Mortgages, sec. 427; *Hendrickson v. Walker,* 32 Mich. 68; *Macomber v. Saxton,* 28

Mich. 516; *Cary v. Hewitt,* 26 Mich. 228; *Marsh v. Wade,* 1 Wash. 538, 20 Pac. 578.) Section 4520 does not apply to a pledge. (*Ehrlich v. Ewald,* 66 Cal. 98, 4 Pac. 1062; *Sonoma Bank v. Hill,* 59 Cal. 107.) Section 3410 of Revised Statutes ·of Idaho places every mortgage of personal property accompanied by a change of possession upon the same footing with a pledge. This is in accordance with the rule of the civil law, and will greatly simplify the law in respect to pledges and mortgages."

James W. Reid and Rand & Howe, for Respondents.

Mortgage and the lien created thereby are creatives of the statutes in Idaho. (Rev. Stats., secs. 3350, 3352.) The lien ·of a mortgage is simply a security and transfers no title. (Rev. Stats., secs. 3328, 3333.) There can be but one action for the enforcement of any right secured by mortgage. It must be an action to foreclose. (Rev. Stats., sec. 4520; *First Nat. Bank v. Williams,* 2 Idaho, 670, 23 Pac. 552; *Bartlett v. Cattle,* 63 Cal. 366; *Vandewater v. McRae,* 27 Cal. 596; *Ould v. Stoddart,* 54 Cal. 641; *Porter v. Muller,* 65 Cal. 512, 4 Pac. 531; *Lavenson v. Standard Soap Co.,* 80 Cal. 245, 13 Am. St. Rep. 147, and note, 22 Pac. 184; *Silsby v. Aldridge,* 1 Wash. 117, 23 ·Pac. 836; *Kerron v. North Pacific etc. Min. Co.,* 1 Wash. 241, 24 Pac. 445.) To constitute a pledge the contract must be accompanied by an actual change of possession. The mortgage itself · shows that the mortgagor was to retain possession. The mortgagor himself could not maintain this action. (*Martin v. Thompson,* 62 Cal. 618, 45 Am. Rep. 663; *Emerson v. Whitaker,* 83 Cal. 147, 23 Pac. 285.)

HUSTON, C. J.—One Leachman executed and delivered to plaintiff his note for $1,000, and at same time executed and delivered to plaintiff a chattel mortgage upon a growing crop of wheat, to secure said note. After the crop of wheat was harvested by L., the mortgagor, he delivered the same to the plaintiff, to be sold by him in satisfaction of said debt, according to the terms of said chattel mortgage. After such delivery, and before the sale thereof by plaintiff, defendant Whitcomb took and carried away from the possession of plaintiff

three hundred and sixty-eight sacks of said wheat. Demand for possession having been made by plaintiff, and refused by defendants, plaintiff brings his action of claim and delivery to recover possession of said wheat. A motion to strike out certain portions of the complaint was allowed by the court, but, as no error is assigned in the record in such action by the court below, we cannot consider it here. Defendants then filed a general demurrer to plaintiff's complaint, which was sustained by the court, and plaintiff declining to amend, a judgment of dismissal was entered in favor of defendants, and against plaintiff, from which judgment this appeal is taken.

It is claimed by respondent (and this seems to have been the view of the district court, and upon which said court predicated its judgment) that under the provisions of section 4520 of the Revised Statutes of Idaho this action is not maintainable. The portion of the section relied upon by respondent to sustain his contention is as follows: "There can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter." It is a sufficient answer to this claim to say that this is not an action "for the recovery of any debt, or the enforcement of any right secured by mortgage," but it is an action to recover the possession of the security of which the mortgagee has been wrongfully deprived, in order that thereby he may, by a foreclosure and sale, under the provisions of the mortgage, recover the debt, and enforce the rights secured him by the mortgage. Mortgages upon personal property have always been considered, and of necessity are, unstable securities, but the rule contended for by respondent would make them utterly worthless. We have found no authority which sustains the rule contended for by respondent, and, if we had, we certainly should not follow it, as such a rule has no basis in law, equity or good conscience. Of what avail would it be to the mortgagee of personal property to foreclose his mortgage upon property not in his possession, and of the very existence of which he has no assurance. Under the terms of the mortgage, the mortgagee is entitled to the possession of the mortgaged property. By the terms of the mortgage as set forth in the record the mortgagor agrees "that he

will well and carefully tend, take care of and protect the said crop while growing and until fit for harvest, and then faithfully and without delay harvest, thresh, clean and sack the same, and deliver the same immediately into the possession of the said party of the second part, or his assigns, to be by him held and disposed of for the payment of the debt hereby secured." The complaint alleges the harvesting of the crop by Leachman, and its delivery by him to the plaintiff, in accordance with the terms of the mortgage; that, after such delivery, defendants, or one of them, wrongfully took the same from the possession of the plaintiff; and we are gravely told that the plaintiff is remediless, for any remedy which would fail to secure to him the possession of the property which he held as security for his debt would be valueless. Such a proposition is not maintainable. The judgment of the district court is reversed, with costs.

Morgan and Sullivan, JJ., concur.