[S. F. No. 1191. Department Two.—February 27, 1900.]

JOHN W. FLINN, Appellant, v. EVELYN P. FERRY, Respondent.

REPLEVIN—CHATTEL MORTGAGE—STIPULATION FOR POSSESSION.—A stipulation in a chattel mortgage expressly giving the mortgagee a right of possession upon default of the mortgagor in the payment of the note or the interest is valid; and the mortgagor or his assignee, upon such default, is entitled to maintain replevin for the mortgaged property.

ID.—MATURITY OF NOTE AND MORTGAGE BEFORE TRIAL—RETURN OF REPLEVIED PROPERTY NOT REQUIRED—COSTS.—Where the note and the mortgage containing such stipulation for right of possession became mature before the trial, even if the defendant was entitled to the possession of the replevied property at the commencement of the action, the court should not decree the return thereof to the defendant at the trial, merely that it might again be replevied by the plaintiff, but should leave the possession of the property where it belongs, and give the defendant judgment for costs only.

ID.—PLEADING—AIDER OF COMPLAINT BY ANSWER.—Where the complaint alleged that plaintiff was in possession of the property and entitled thereto on the day before the commencement of the action, and that defendant then wrongfully took possession of the property, and refused to return it upon demand, any defect therein is aided and cured by the answer taking issue upon plaintiff's right of possession on the day named, or at any other time, and affirmatively averring that defendant is and at all of the times herein mentioned was the owner and entitled to the immediate possession of the property, which affirmative averments must be deemed denied.

ID.—TRIAL OF ISSUES—OBJECTION UPON APPEAL.—The defendant having gone to trial upon the theory that the title, or right of possession of the property, was in issue, cannot, upon appeal, for the first time be heard to say that there was no such issue.

ID.—TAKING POSSESSION OF PROPERTY—IMMATERIAL MATTERS.—The facts that, prior to the commencement of the action, plaintiff had gone to defendant's lodging-house and taken possession of the property, and that the property was retaken by the defendant upon an order made by the police court, are immaterial matters having nothing to do with the right of possession of the property.

ID.—EVIDENCE—IMPROPER EXAMINATION BY COURT.—Where the defendant had testified nothing about what occurred prior to the commencement of the action as to taking possession of the prop-

erty, either upon direct or cross-examination, it was prejudicial error for the court, against the objection of the plaintiff, to question the defendant as to immaterial details of what occurred when plaintiff took possession of the property, which details could only tend improperly to arouse the passion and prejudice of the jury against the plaintiff.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   John Hunt, Judge.

The facts are stated in the opinion.

R. H. Countryman, for Appellant.

The answer took issue upon the question of title, and any defects in the complaint were cured by the answer. (*Daggett v. Gray,* 110 Cal. 171; *Vance v. Anderson,* 113 Cal. 532; *Cohen v. Knox,* 90 Cal. 266-76; *Schenck v. Hartford Fire Ins. Co.,* 71 Cal. 28; *Shively v. Semi-Tropic etc. Co.,* 99 Cal. 261, 262; *Kreling v. Kreling,* 118 Cal. 419.)   The defendant cannot object upon appeal for the first time that there was no issue raised as to title.   (*Barbour v. Flick,* 126 Cal. 628.)   The plaintiff and defendant were each actors.   (Gilbert on Distress and Replevin, 190; *O'Connor v. Blake,* 29 Cal. 317.)   The complaint should be liberally construed, especially after verdict and upon appeal. (Code Civ. Proc., secs. 452, 475; *Ingraham v. Lyon,* 105 Cal. 257; *Alexander v. McDow,* 108 Cal. 29; *Treanor v. Houghton,* 103 Cal. 56; *People v. Rains,* 23 Cal. 129; *Mills v. Barney,* 22 Cal. 244; *Garner v. Marshall,* 9 Cal. 268.)   The defendant was not entitled to the return of the property, his right of possession having ceased after the maturity of the mortgage, and could only be entitled to costs.   (*O'Connor v. Blake, supra; Pico v. Pico,* 56 Cal. 453; *Harlan v. Ely,* 68 Cal. 527; *Williams v. Hahn,* 113 Cal. 477; *Wilson v. Brannan,* 27 Cal. 258; *Bolander v. Gentry,* 36 Cal. 110; 95 Am. Dec. 162; *Barney v. Brannan,* 51 Conn. 175; *Wheeler v. Train,* 4 Pick. 168; *Ingraham v. Marlin,* 15 Me. 373.)   The court erred to the prejudice of appellant in arbitrarily examining the defendant upon the acts of plaintiff in taking possession, as to which no testimony had been given on direct or cross-examination.   (*Hill v. Finigan,* 62 Cal. 440.)

Frank Shay, for Respondent.

Plaintiff, in order to sustain the action, must have had the legal right of possession when the action was commenced, and an after-acquired title will not support it. (*Lambert v. McCloud*, 63 Cal. 163; *Fredericks v. Tracy*, 98 Cal. 658; *People's Sav. Bank v. Jones*, 114 Cal. 422; 20 Am. & Eng. Ency. of Law, 1055-57; *Ator v. Rix*, 21 Ill. App. 309; Cobbey on Replevin, sec. 96.) The plaintiff had no cause of action, and the defendant was entitled to judgment for the return of the property or its value. (*Fredericks v. Tracy*, supra; *Afferbach v. McGovern*, 79 Cal. 268; *People's Sav. Bank v. Jones*, supra; *Holly v. Heiskell*, 112 Cal. 174.)

COOPER, C.—The complaint, which is verified, alleges that on the fourteenth day of July, 1896, plaintiff was in the possession and entitled to the possession of certain personal property, consisting of furniture, described therein, of the value of one thousand dollars, and that on said day the defendant wrongfully took said furniture and ever since has refused to return it, although demand has been made for such return. Judgment is asked for the return of said property or, if a return cannot be had, for the value thereof. The action was commenced July 15, 1896. Plaintiff filed an affidavit and undertaking as required by the code, and the sheriff took the property from defendant and delivered it to plaintiff. On the twenty-seventh day of August, 1896, the defendant filed her verified answer in which she denied that on the fourteenth day of July, 1896, or at any other time, the plaintiff was entitled to the possession of the property described in the complaint or any part thereof, or that she ever at any time wrongfully or unlawfully took the said property from the possession of plaintiff.

Defendant further denied that any demand has ever been made upon her for its return, or that she ever refused to return it to plaintiff. She further alleges affirmatively "that she is and at all of the times herein mentioned was the owner and entitled to the immediate possession" of the said property. That the property was taken by the sheriff of the city and county of San Francisco on the fifteenth day of July, 1896, and delivered to plaintiff, and that plaintiff refuses to return it to her.

Judgment is asked by defendant for a return of the property, or, in case a return cannot be had, for the value thereof. The jury found a verdict for defendant for a return of the property, and fixed its value at fifteen hundred dollars. Judgment was accordingly entered. An order was made denying a motion for a new trial, and this appeal is from the judgment and order.

It is claimed that the evidence does not support the verdict, and that the court committed errors in the conduct of the trial, in the rejection of evidence, and in its instructions to the jury. In order to make clear the points herein discussed, it will be necessary to briefly state the facts as disclosed by the record. In April, 1896, the defendant was in possession of a lodging-house at 1107 Bush street, in the city of San Francisco, and owned the furniture therein, being the same furniture described in the complaint, and was then indebted to one Fredericks, who at said time held a mortgage upon said furniture. The plaintiff was a dealer in furniture, and went with Fredericks to defendant's lodging-house for the purpose of either buying the furniture or the right of Fredericks thereto. Defendant called plaintiff aside and informed him that she had been having some trouble with her husband, and the matter was about to be compromised; that he had offered her sixty-five thousand dollars, which she had refused, and that it was only a question of a few weeks when she would have money. She stated to plaintiff that she wanted to borrow one thousand dollars to pay Fredericks and straighten out her business affairs. Her representations to plaintiff were such that plaintiff went to see one Jacobson about securing a loan of one thousand dollars for her upon the furniture. Jacobson went to the lodging-house and appraised the furniture, but refused to loan over seven hundred dollars upon it. Thereupon plaintiff told Jacobson that he would become personally responsible for the loan, and accordingly defendant borrowed the one thousand dollars of Jacobson, giving him a mortgage upon the furniture. The defendant received the money and paid off the mortgage to Fredericks, and used the balance for other purposes. The mortgage to Jacobson was dated April 16, 1896, was drawn by defendant's attorney, and was given to secure her note of the

same date for one thousand dollars, due six months after date, with interest from date at the rate of three per cent per month, payable monthly in advance.

The note contained the following clause: "And in case default be made in the payment of interest as above provided, and for the space of ten days after the same shall become due, then the whole of said principal sum and interest shall become immediately due and payable, at the option of the holder of this note."

The mortgage contained the following clause: "It is also agreed that, if the mortgagor shall fail to make any payments as in the said promissory note provided, then the mortgagee may take possession of said property, using all necessary force so to do, and immediately proceed to remove and sell the same at public or private sale, or to foreclose this mortgage and sell the same in the manner provided by law, and from the proceeds pay the whole amount in said note specified, and all costs and expenses of such seizure and sale, including a counsel fee not to exceed one hundred and fifty (150) dollars, and the remainder, if any, to the mortgagor."

After the interest became due demand was made upon defendant for it, but she refused to pay it, and has never paid any part of the principal or interest. During the trial the plaintiff offered in evidence an assignment of the mortgage in writing made by said Jacobson to him, duly acknowledged, and dated July 15, 1896. The court sustained the defendant's objection to the assignment. We think this was error. The assignment purported to convey to plaintiff title to the note and mortgage. Under the terms of the mortgage, as expressly written, the mortgagee had the right to the possession of the property mortgaged upon default of defendant in the payment of interest. This provision was valid. (Civ. Code, sec. 2927; *Bank of Woodland v. Duncan,* 117 Cal. 416; Jones on Chattel Mortgages, secs. 705, 706.) Having the right to possession given him by the terms of the mortgage he could maintain replevin for the mortgaged property. (Jones on Chattel Mortgages, sec. 442; Cobbey on Chattel Mortgages, sec. 499; *Wright v. Ross,* 36 Cal. 429; *Berson v. Nunan,* 63 Cal. 551.) The cause was tried in May, 1897. The note and mortgage were then past due.

Plaintiff, if the owner of the note and mortgage, was entitled to the possession of the mortgaged property at the maturity of the note November 16, 1896. It appears from the answer that plaintiff had obtained possession of the property at the commencement of the suit, and that defendant asked for the return thereof. If the defendant had the right to the possession of the property at the time the suit was commenced, but it had passed to plaintiff before the trial, the court should not decree the return of the property to defendant merely that it might again be replevied by plaintiff. (*Pico v. Pico*, 56 Cal. 458; *Bolander v. Gentry*, 36 Cal. 110; 95 Am. Dec. 162; *O'Connor v. Blake*, 29 Cal. 317.)

In the latter case it is said: "In actions of this character [replevin] both plaintiff and defendant are to be considered as actors, and where, as in the present case, the plaintiff has obtained possession of the property in dispute at the commencement of the action, and the defendant asks for a return of the property in his answer, he, to that extent, is an actor and stands in the attitude of a plaintiff, and if at the trial it shall appear that he is not entitled to the possession, for the reason that his interest therein has ceased intermediate the commencement of the action and the trial, and the right to the possession has vested in the plaintiff, the court will not render a judgment in favor of the defendant for the possession of the property or its value, but, will leave the property in the possession of the plaintiff where it belongs, and give the defendant a judgment for costs only."

Respondent contends that the complaint does not state a cause of action, for the reason that it was filed July 15th, and alleges that on the 14th of July the plaintiff was in the possession and entitled to the possession of the property. Under the authorities the contention would have to be sustained if the answer had not cured the defective complaint. The answer denies that on the 14th of July, or at any other time, the plaintiff was the owner or entitled to the possession, and alleges that defendant is (August 27th), and at all times has been, the owner and entitled to the possession of the property described in the complaint. This cured whatever defect there may have been in the complaint. (Pomeroy on Remedies and Remedial Rights,

sec. 579; *Schenck v. Hartford Fire Ins. Co.*, 71 Cal. 28; *Cohen v. Knox*, 90 Cal. 266; *Daggett v. Gray*, 110 Cal. 172.) In the latter case it is said: "Whatever defect there may have been in the complaint in this particular was removed by the answer of the defendants, wherein they alleged their ownership of the goods, and denied that the plaintiff had had 'at any time since the twelfth day of March, 1893, any interest in, or been entitled to the possession of,' the property sued for. The rule is well settled that a complaint which lacks the averment of a fact, essential to a cause of action, may be so aided by the averment of that fact in the answer as to uphold a judgment thereon."

The defendant, having in her own behalf set up title in herself to the property for the purpose of having a judgment that it be returned to her, cannot now be heard to say there was no proper issue made as to title. The answer was deemed denied. The defendant, having gone to trial upon the theory that the title to the property was in issue, cannot here, on appeal, for the first time, be heard to say that there was no such issue. (*Barbour v. Flick*, 126 Cal. 628, and cases cited.)

It appeared in the testimony of plaintiff that, some time prior to the commencement of the action, the plaintiff had gone to defendant's lodging-house and taken the property. It also appeared from the answer of defendant that on July 14th she retook the property upon an order made by the police court of San Francisco. These matters had nothing to do with the right to the possession of the property at the time of the trial, nor at the time the action was commenced. Defendant was called as a witness in her own behalf, and no question was asked in her examination in chief or in her cross-examination as to these matters which occurred prior to the commencement of the suit. The witness had not testified to any such matters, and counsel were through with her examination. The judge thereupon, of his own volition asked the witness as follows:

"The Court.—Q. What occurred on July 2d, when Mr. Flinn came up there to take the property?

"Mr. Countryman.—The witness has not been asked that on direct or cross-examination, and, for that reason, we object.

"The Court.—That makes no difference whether she has or not. The jury are entitled to know the facts. The objection is overruled."

The witness then, in answer to the question and various other questions propounded by the court, stated that on July 2, 1896, the plaintiff came to her house, and, after some conversation, said "an oath to the law," and "took up a table and bric-a-brac and threw it out of the front window; he tore the portiere down between the doors, and took some other bric-a-brac and threw it down, and said: 'I feel like tearing the whole house to pieces.' And he told his men to take their own key and open the door of a closet in the house, and they did, and took everything from it." The witness further, in answer to questions by the court, said that plaintiff threatened to bring a patrol wagon and take Mr. Bell, who was ill, out of the house. That he had five or six men with him, one of whom was represented to be a deputy sheriff. That plaintiff took a key and went to defendant's private desk and opened it and scattered the papers all around, and took them to his own office. This testimony was all elicited in response to questions asked by the court and under plaintiff's objection. Among other questions by the court were the following:

"Q. He took everything out of the house?

"Q. Did he leave the house bare?

"Q. How many men did Mr. Flinn have with him?

"Q. Were any papers served upon you?"

These questions were in regard to immaterial matters. They did not ask for evidence tending to show who was entitled to the possession of the property at the time the action was commenced nor at the time of the trial. They were of such a nature as to elicit evidence, and did elicit evidence wholly immaterial to the issue being tried, and which could not but tend to arouse the passion and prejudice of the jury against the plaintiff. It is the duty of the court in the trial of a case before a jury to confine the testimony to the issues and to sustain objections to all proper questions asked by counsel, which would only tend to prejudice the jury against either party. Such questions are none the less erroneous because asked by the presiding judge. In fact, they would generally be much more injurious. We think the questions were improper, and the error such as must have injured the plaintiff's cause. The

views herein expressed make it unnecessary to pass upon the various other questions discussed in the briefs.

The judgment and order should be reversed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed.

McFarland, J., Temple, J., Henshaw, J.