(January 23, 1904.)

## FIRST NATIONAL BANK OF ST. ANTHONY v. STEERS.

[75 Pac. 225.]

CHATTEL MORTGAGE—POSSESSION OF MORTGAGED PROPERTY—CLAIM AND DELIVERY.—Where a chattel mortgage contains a stipulation providing that upon the happening of certain contingencies. therein named "the mortgagee may take possession of said property, using all necessary force to do so, and may immediately proceed to sell the same in the manner provided by law,'' it is held that upon the happening of such contingency the mortgagee may maintain the action of claim and delivery, to recover possession of the mortgaged property from an officer who claims to hold the same under writ of attachment issued and levied subsequent to the mortgage lien, and who refuses to deliver up the property upon demand of the mortgagee or to pay the mortgage debt.

(Syllabus by the court.)

APPEAL from District Court in and for Bingham County. Honorable J. M. Stevens, Judge.

Action in claim and delivery. Demurrer to the complaint was sustained and judgment entered for the defendant and plaintiff appealed. Reversed.

The facts are stated in the opinion.

Caleb Jones, Rice & Thompson and W. E. Borah, for Appellant.

Is the plaintiff, under the terms of the mortgage and the allegations of the complaint, entitled to the possession of this property as against the defendant? In other words, will an action for replevin in this state lie in favor of the mortgagee to get possession of the property which has been unlawfully and wrongfully taken possession of by a sheriff under pretended attachment and at a time when the terms of the mortgage have been broken? It will be noticed that this mortgage expressly provided that upon certain things transpiring, to wit, the failure of payment of levy of attachment upon the property, that

the mortgagee shall be entitled to possession. We maintain that this right of possession is such that it will give rise to an action for replevin. (*Flinn v. Ferry*, 127 Cal. 648, 60 Pac. 434; *Machette v. Wanless*, 1 Colo. 225; *Payne v. McCormick Co.*, 11 Okla. 318, 66 Pac. 287; *Mayes v. Stephens*, 38 Or. 512, 63 Pac. 760, 64 Pac. 319; *Rankine v. Greer*, 38 Kan. 343, 5 Am. St. Rep. 751, 16 Pac. 680; *Bank of Woodland v. Duncan*, 117 Cal. 412, 49 Pac. 414; *Singer Machine Co. v. Rios*, 96 Tex. 174, 97 Am. St. Rep. 901, 71 S. W. 275, 60 L. R. A. 143.)   In the case below the syllabus reads as follows: "Replevin will lie in favor of the mortgagee against the sheriff for personal property covered by chattel mortgage seized under an attachment while the mortgagor was in possession." (*Wood v. Weimar*, 104 U. S. 779, 26 L. ed. 924; Jones on Chattel Mortgages, secs. 442, 706; Cobbey on Replevin, secs. 189, 191, 194; *Mervine v. White*, 50 Ala. 388; *Brookover v. Esterly*, 12 Kan. 149; *Frisby v. Longworth*, 11 Wis. 375; *Lorton v. Fowler*, 18 Neb. 224, 24 N. W. 685; *Schlessinger v. Cook*, 9 Wyo. 256, 62 Pac. 152; *Mark v. McGehee*, 35 Ark. 217; *O'Neill v. Whitcomb*, 3 Idaho, 624, 32 Pac. 1133; *Stringer v. Davis*, 35 Cal. 25; *Jones v. Annis*, 47 Kan. 478, 28 Pac. 156; *Coughran v. Sundback*, 9 S. Dak. 483, 70 N. W. 644; *Berson v. Nunan*, 63 Cal. 551; *Pyeatt v. Powell*, 51 Fed. 551, 2 C. C. A. 367; *Rosenfield v. Case*, 87 Mich. 295, 49 N. W. 630; *Stevenson v. Lord*, 15 Colo. 131, 25 Pac. 313; *Gage v. Wayland*, 67 Wis. 566, 31 N. W. 108.)   Our statute expressly provides that before the attaching officer is entitled to take possession of the property he must tender to the mortgagee the amount due on said mortgage. (Idaho Rev. Stats., sec. 3389; *Baumgartner v. Vollmer*, 5 Idaho, 340, 49 Pac. 729.)

Wallis & French and F. S. Dietrich, for Respondent.

The simple and sole question is: Is a mortgagee entitled to have possession of his security according to the terms of the contract? (*Karsteiner v. Clyne*, 5 Idaho, 59, 46 Pac. 1019.) It is a general rule that the plaintiff in a replevin suit must recover not upon the weakness of his adversary's title, but upon the strength of his own title. (24 Am. & Eng. Ency. of Law, 2d ed., 483.)   A creditor has the right to attack the validity

of a chattel mortgage by attaching the property described therein. (*McConnell v. Langdon,* 3 Idaho, 157, 28 Pac. 403.) We contend that the exact question involved in this appeal has been twice adjudicated by this court within the last two years. (*Rein v. Callaway,* 7 Idaho, 634, 65 Pac. 63; *Marchand v. Ronaghan, ante,* p. 35, 72 Pac. 731.)

AILSHIE, J.—This action was commenced by the plaintiff in claim and delivery to recover the possession of a band of three thousand one hundred head of sheep and seven hundred and fifty head of lambs. Plaintiff filed its complaint alleging that on or about the seventeenth day of October, 1902, one J. M. Jolly was the owner and in possession of a certain band of sheep, and was then indebted to the plaintiff in the sum of $5,000; that upon said date Jolly made, executed and delivered to plaintiff his two certain promissory notes for the sum of $5,000, and secured the same by chattel mortgage upon the above-mentioned personal property. It is further alleged that on the thirteenth day of June, 1903, and while the notes and mortgage were yet unpaid, the defendant, sheriff of Bingham county, levied an attachment upon the property covered by the chattel mortgage, and that at the time of the commencement of plaintiff's action herein the defendant was still wrongfully and unlawfully withholding possession of the mortgaged property against the will and without the consent of the plaintiff. The mortgage was attached to the complaint and made a part thereof, and contains the following provision:

"It is also agreed that if the mortgagor shall fail to make any payment as in said promissory note provided, or if the said mortgagor shall attempt to sell the property herein described, or any part thereof, without the written permission of the mortgagee or if the said property shall be levied upon by attachment or execution, or if the mortgagor shall attempt to remove the property from the county in which it is situated without the written consent of the mortgagee, the said debt shall at once become due and the mortgagee may take possession of said property, using all necessary force to do so, and may immediately proceed to sell the same in the manner provided by law."

To this complaint the defendant filed a general demurrer, which was sustained by the trial court and the plaintiff refused to amend. Thereupon a·judgment was entered dismissing the action and for costs in favor of the defendant. ˙ From such judgment the plaintiff has appealed. The only question presented here and upon which we are asked to pass is: Can a mortgagee maintain the action of replevin, or claim and delivery, as it is designated by our statute, for the recovery of possession of personal property covered by his mortgage? It will be seen that in this case the mortgagor contracted with the mortgagee that upon the happening of certain contingencies named therein the mortgagee might take possession of the property. It is contended by the respondent here that a pro-· vision of this kind in a mortgage cannot be lawfully made under the laws of this state. This contention is based upon the fact that a mortgage of personal property within this state does not pass any title to the mortgagee, and does not entitle him to the possession of the property, and that therefore the mortgagee obtains no such *right of property* or *right of possession* under the chattel mortgage as will authorize him, under any possible contingency, to maintain the action of claim and delivery. Sections 3386 and 3387, Revised Statutes, were amended in 1899 (Sess. Laws 1899, p. 121), and it is provided by these sections that all mortgages of personal property, in order to be valid as against subsequent purchasers and encumbrancers, shall, among other things, be acknowledged and filed for record with the recorder of the county where the property is located. It is not contemplated by the laws of this state that the possession or right of possession or personal property mortgaged shall be transferred from the mortgagor to the mortgagee and such is not necessary to the validity of the mortgage; but section 3387, *supra,* as amended, closes with the following sentence: "Provided, further, that if the mortgagee receive and retain actual possession of the property mortgaged, he may omit the filing of his mortgage during the continuance of such actual possession."

The statute therefore recognizes the right of the mortgagor to contract with the mortgagee, whereby the latter may have

the actual possession of the property mortgaged. In face of the expressed recognition of this right as embodied in the statute, we do not think the court would be justified in holding a stipulation in the mortgage invalid which authorizes the mortgagee upon named contingencies taking possession of the mortgaged property.

It is insisted by the respondent that the judgment of the lower court in this case is authorized and supported in *Rein v. Callaway,* 7 Idaho, 634, 65 Pac. 63, and *Marchand v. Ronaghan, ante,* p. 35, 72 Pac. 731. It may be fairly said that some of the expressions used in each of these cases, if considered apart from the particular facts before the court in each case, would, to a certain extent, justify the conclusion of respondent; but when read in connection with the questions directly under consideration in each of these cases, we think the conclusion drawn therefrom by respondent is not justified. In *Rein v. Callaway* the court was considering the validity of a stipulation in a chattel mortgage, whereby the mortgagee was authorized to seize and sell the mortgaged property without resorting to foreclosure proceedings. The court there held that the mortgagor cannot legally authorize the mortgagee, by provision in the mortgage, to take possession of the mortgaged property and sell it in any other manner than that provided by law for foreclosure of such mortgages.

The validity of a contract authorizing the mortgagee to *take possession* of the mortgaged property upon breach of any of the terms thereof was not under consideration in that case, and was not passed upon by the court.

In *Marchand v. Ronaghan* there was no provision in the mortgage authorizing the mortgagee to take possession of the property upon breach, and such question was not considered in that case. There the mortgagee had seized the mortgaged property and sold a large portion of it, and at the time the case was tried still had a small portion thereof in his possession. It was held that he could not foreclose his mortgage in that way, and that he was therefore guilty of conversion and liable to the mortgagor for the value of the property so converted. It will be seen that in both of these cases this court

held directly that the mortgagee cannot seize and sell the mortgaged property in any other manner than that provided by statute for the foreclosure of such mortgages. On the other hand, it has never been held by this court that a mortgagee cannot *take possession* of the mortgaged property when so authorized by stipulation in the mortgage.

It is argued by respondent that the action of claim and delivery for obtaining possession of such property should not be allowed, for the reason that under such stipulation, upon the happening of the contingencies named, the debt becomes due and the mortgagee immediately has the right of foreclosure, which is a more speedy remedy for collection of the debt secured, and that therefore the creditor should not be allowed to maintain one action for the possession of the property and then another for the foreclosure of his mortgage when a single action would suffice for both. It would seem that the foreclosure proceedings would in most cases answer the double purpose of securing possession of the property and making the mortgage debt, but we can conceive of exceptions to this general proposition and of cases arising where it would be necessary to resort to the writ of replevin to enable the officer to get possession of the property before a foreclosure could be had. As soon as he obtains possession of the property he will be obliged to pursue his remedy by foreclosing the mortgage..

An action of claim and delivery merely looks to the recovery of possession of the property described in the mortgage, and cannot in any sense be termed an action for the recovery of the debt secured by the mortgage. (*O'Neill v. Whitcomb,* 3 Idaho, 624, 32 Pac. 1133.)

It has been suggested that in view of the laws of this state it would be contrary to public policy for the court to sustain a stipulation in a mortgage such as the one here under consideration. No reason has been shown us which we think would justify holding this contract contrary to public policy. This phase of the case is very ably discussed and clearly stated by the supreme court of Texas in *Singer Mfg. Co. v. Rios,* 96 Tex. 174, 97 Am. St. Rep. 901, 71 S. W. 275, 60 L. R. A. 143, and the court there concludes that there are no reasons of public policy why such contracts should not be upheld.

It is true, as argued by respondent, that very few, if any, of the states have statutes exactly like ours with reference to mortgages upon personal property and the foreclosure of the same, but we find nothing in our statute which by any inference precludes the application of the general principle so uniformly applied throughout this country that the mortgagee may in such cases as the one here discussed maintain his action in replevin to recover possession of the mortgaged property.

The following are some of the authorities upholding this principle: *Flinn v. Ferry,* 127 Cal. 648, 60 Pac. 434; *Rankine v. Greer,* 38 Kan. 343, 5 Am. St. Rep. 75, 16 Pac. 680; *Bank of Woodland v. Duncan,* 117 Cal. 416, 49 Pac. 414; *Mayes v. Stephens,* 38 Or. 512, 63 Pac. 760, 64 Pac. 319; *Miller v. Adamson,* 45 Minn. 99, 47 N. W. 452; *Wood v. Weimar,* 104 U. S. 786, 26 L. ed. 779; Jones on Chattel Mortgages, secs. 442, 706; Cobbey on Replevin, secs. 191, 194.

We therefore conclude that the action of claim and delivery may be maintained in such case. The only thing called to our attention as to the insufficiency of the complaint in this case is the validity of the foregoing stipulation contained in the mortgage, and that question is therefore the only matter we pass upon in this opinion.

Judgment reversed and cause remanded, with directions to the lower court to take further action in accordance with the views herein expressed. Costs awarded to appellant.

Sullivan, C. J., and Stockslager, J., concur.