'(May 12, 1909.)

FRANK C. MARTIN, Appellant, v. SAMUEL P. HOLLO-WAY, Respondent.

[102 Pac. 3.]

CHATTEL MORTGAGE—STOCK OF MERCHANDISE—POSSESSION AND POWER OF SALE IN MORTGAGOR—EFFECT WHEN MORTGAGEE GIVEN POSSESSION—RIGHT OF CREDITOR TO CONTEST.

1. A mortgagor and mortgagee may make an agreement, valid as between themselves, that the possession of the mortgaged property shall remain in the mortgagor with power to dispose of the mortgaged property and apply all or a part of the proceeds in payment of the mortgage indebtedness.

2. Rev. Codes, sec. 3409, recognizes the right of a mortgagor and mortgagee to agree that the possession of the mortgaged property may remain in the mortgagor or be given to the mortgagee; and that if the mortgagee receive and retain actual possession of the mortgaged property, such possession is equivalent to the recording of such mortgage, and gives to the world the same notice that is given by the recording of such mortgage.

3. A stipulation in a mortgage, which authorizes the mortgagee upon named contingencies to take possession of the mortgaged property, is valid under the laws of this state.

4. If a mortgagee takes possession of the mortgaged chattels, consisting of a stock of merchandise, with the consent of the mort-

.gagor before any other right or lien attaches, his right to possession under the mortgage is good against everybody, if it was previously valid between the mortgagor and mortgagee, although such mortgage contained a provision that the mortgagor shall retain possession of the mortgaged property with power to dispose of the same in the ordinary course of business, applying only a part of the proceeds in discharge of the mortgaged debt.

5. Where a chattel mortgage upon a stock of merchandise contains a provision that the mortgagor shall retain possession and have power to dispose of the mortgaged property in the ordinary course of trade, and apply part of the proceeds upon the mortgage debt, and it appears that the mortgagee took possession of the mortgaged property with the consent of the mortgagor before any specific right or lien upon the property is acquired by a creditor, the possession of such mortgagee is valid and cures such defect, if any, in the mortgage, and gives the mortgagee the right to retain the possession for the purpose of enforcing such lien against the right to such possession of a subsequent attaching creditor.

6. A complaint in an action in claim and delivery, which alleges the giving of a chattel mortgage to the plaintiff upon a stock of merchandise, containing a provision that the mortgagor retain possession with power to sell the mortgaged property and apply only a part of the proceeds to the payment of the mortgage debt, and that subsequent to the execution of such mortgage the mortgagor and the mortgagee agreed that the mortgagee should take possession of such mortgaged property for the better securing of such debt, and that the mortgagee went into such possession under such mortgage, states a cause of action as against an officer levying a writ of attachment upon such property subsequent to the time the mortgagee went into possession under such mortgage.

(Syllabus by the court.)

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Fremont Wood, Judge.

An action in claim and delivery. Defendant demurred. Demurrer sustained. Judgment of dismissal. Plaintiff appeals. *Reversed.*

P. E. Cavaney, for Appellant.

A mortgagee to whom delivery of the mortgaged goods has been made can maintain an action in claim and delivery for the wrongful taking by a third party. (*O'Neill v. Whitcomb,* 3 Ida. 624, 32 Pac. 1133; *First Nat. Bank v. Steers,*

9 Ida. 519, 108 Am. St. 174, 75 Pac. 225; *Cunningham v. Stoner*, 10 Ida. 549, 79 Pac. 228.) The recording act is a substitute for possession, and by implication permits the mortgagor to dispose of the goods, providing an accounting be made to the mortgagee. (Rev. Codes, sec. 3408; *Lewiston Nat. Bank v. Martin*, 2 Ida. 734, 23 Pac. 920; *Wells, Fargo & Co. v. Alturas Com. Co.*, 6 Ida. 506, 56 Pac. 165.)

Taking possession is not the acceptance of a preference, but the assertion of a previously acquired right. (*Mower v. McCarthy*, 79 Vt. 142, 118 Am. St. 942, 64 Atl. 578, 7 L. R. A., N. S., 418; *Burill v. Whitcomb*, 100 Me. 286, 109 Am. St. 498, 61 Atl. 678, 1 L..R. A., N. S., 451; *Thompson v. Fairbanks*, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. ed. 577.) Taking possession of the property by the mortgagee will cure any minor defects, and make . his rights superior to any acquired by the subsequent levy of creditors. (*Ryan v. Rogers*, 14 Ida. 309, 94 Pac. 427; *Garrison v. Street & Harper etc. Co.* (Okla.), 97 Pac. 978; *Cameron v. Marvin*, 26 Kan. 612; *Gagnon v. Brown*, 47 Kan. 83, 27 Pac. 104; *Ridgely v. First Nat. Bank*, 75 Fed. 808; 1 Cobbey on Chattel Mortgages, 498; *Dayton v. Savings Bank*, 23 Kan. 421; *Nash v. Norment*, 5 Mo. App. 545; *Frank v. Miner*, 50 Ill. 444.)

C. P. McCarthy, and H. S. Kessler, for Respondent.

"Possession of a stock of merchandise by the mortgagor, with power to sell and retail the same, without requiring the proceeds to be applied to the payment of the debt due the mortgagee, is void as to attaching creditors of the mortgagor." (*Lewiston National Bank v. Martin*, 2 Ida. 734, 23 Pac. 920; *Ryan v. Rogers*, 14 Ida. 309, at p. 318, 94 Pac. 427; Hammond on Chattel Mortgages, p. 168; *Place v. Langworthy*, 13 Wis. 629, at 633, 80 Am. Dec. 758; *Blakeslee v. Rossman*, 43 Wis. 118.)

The allegation of possession of the stock of merchandise by the appellant does not cure the defect in the mortgage. Appellant either took the alleged possession, by virtue of and under authority of the mortgage, or as an independent

transaction. If as an independent transaction, it was a transfer for credit of the entire business or trade of the mortgagor without notice to creditors, and was clearly void. (Rev. Codes, sec. 332-335; *Sampson v. Brandon Grocery Co.,* 127 Ga. 454, 56 S. E. 488, construing statute identical with ours.)

"If the mortgagee took immediate and actual possession of the property in the absence of any contract concurrent or subsequent to the mortgage, conferring any greater authority than that contained in the mortgage, he cannot claim by virtue of such possession, because the covenants of the mortgage show that he was not entitled to such possession. Under such a mortgage the mortgagee cannot claim the right of possession as against the sheriff who has attached the property as that of the mortgagor." (*Meyer v. Gorham,* 5 Cal. 322.)

STEWART, J.—This is an action in claim and delivery. The plaintiff, appellant here, alleges that on June 18, 1908, one C. H. Winston executed and delivered to him a certain promissory note for the sum of $1,100, due in eleven months, with interest at ten per cent to be paid on the 18th day of every month, and if not so paid the whole to become due; that for the purpose of securing the payment of the said amount said Winston executed and delivered on the same day a chattel mortgage, whereby he mortgaged to plaintiff "all those certain goods and chattels now being in one certain store known as the 'Big Cash Store' located at 1324 Main street, Boise, state of Idaho"; that the said chattel mortgage was duly filed so as to entitle it to record and was recorded in the office of the county recorder of Ada county; that there has been paid on said note $300 and there is now due thereon $800, with interest from June 18, 1908; "that on the 13th day of October, 1908, the said C. H. Winston, for the purpose of more adequately securing the said plaintiff on account of the said promissory note, did deliver to the said plaintiff all of the property described in the said chattel mortgage, being the property, goods and chattels situate in what is known as The Big Cash Store, at 1324 Main street,

Boise, Ada county, Idaho''; that said property was of the value of $1200; that on October 14, 1908, and while the plaintiff was in the actual and exclusive possession of said goods and chattels, and without the plaintiff's consent, the defendant took the said goods and chattels from the possession of the plaintiff and ever since has and still retains possession of the same; that demand was made for the goods; that the defendant unlawfully holds and retains the same; that they were not taken for a tax, assessment or fine pursuant to any statute of this state. The complaint then alleges that actions were brought in the justice's and probate court of Ada county by parties to recover debts from C. H. Winston, and writs of attachment were caused to issue in said actions; and that such writs were placed in the hands of the defendant, and under and by virtue of which the defendant levied upon and took possession of the goods and chattels in controversy in this case.

The mortgage given by Winston to plaintiff was made a part of the complaint, and is in the ordinary form of chattel mortgages except it contains the following provision:

''The said party of the first part is allowed to dispose of the said goods and personal property in due course of business, and promises and agrees to keep an account of all the sales made on the same, and to keep the said property in safe condition and to protect the same from fire and damages, and to pay not less than fifty per cent of the gross receipts of the sales to the said second party, which percentage is not to be less than one hundred dollars per month, which said sum and interest on the hereinafter described note are due and payable on the 18th of each month, and to be applied on liquidating the hereinafter described note of even date.''

To this complaint the defendant filed a demurrer on the ground that the complaint fails to state facts sufficient to constitute a cause of action. The demurrer was sustained by the trial court, and the plaintiff refused to plead further, and a judgment of dismissal of said cause was entered and for costs, from which judgment this appeal was taken.

Two questions are presented by the complaint and demurrer: First: Is the chattel mortgage in question void as

against attaching creditors, by reason of the provision contained therein, which allows the mortgagor to dispose of the mortgaged property in the usual course of trade and pay not less than fifty per cent of the gross receipts of the sales to the mortgagee? Second: Does the allegation, which the demurrer admits to be true, that the mortgagor delivered possession of the mortgaged property to the mortgagee for the purpose of more adequately securing the mortgagee, and the taking possession of such property by the mortgagee, who was in possession of the same when the writs of attachment were served, aid the mortgagee and give him such right to possession that the same was not subject to attachment at the suit of a creditor of the mortgagor?

The position of the respective parties may be stated thus: Respondent argues that the mortgage involved in this case was absolutely void as to creditors, while appellant argues that the mortgage was valid as between the parties, and that its fraudulent character is a question of fact and not a matter of law. Counsel for appellant also contends that the mortgage being valid as between the parties, even though it be void as to creditors, still the mortgagee having taken possession of the mortgaged property prior to the time the rights of any creditor attached to such property, whatever defects may have been in the mortgage were cured by taking such possession. In answer to this contention respondent contends that the mortgage was not due, and that there had been no default in its provisions at the time the possession was taken; therefore, the possession could not have been taken under the mortgage, and if not taken under the mortgage, it must have been by reason of an independent transaction which was void under the bulk sales law.

Our attention has not been directed to any provision of the statute, and we have found none which prohibits a mortgagor and mortgagee of chattels as between themselves agreeing that the mortgagor should remain in possession and dispose of the mortgaged property, and apply only a part of the proceeds in discharge and payment of the mortgage indebtedness. That such a contract can be made and is binding as between the parties to the mortgage there would seem

to be no doubt. (*First Nat. Bank v. Steers,* 9 Ida. 519, 108 Am. St. 174, 75 Pac. 225; *Ryan v. Rogers,* 14 Ida. 309, 94 Pac. 427.) But it is contended that such provision renders the mortgage void as to creditors, for the reason that it in effect permits the mortgagor to encumber and cover up his property, and under such cover apply the same to his individual use and thereby commit a fraud upon his creditors. If, however, the possession was surrendered to the mortgagee and the power of disposition in the ordinary course of trade taken away from the mortgagor, this argument against the validity of the mortgage would have no application.

Rev. Codes, sec. 3406, authorizes chattel mortgages to be made upon all property, goods or chattels. Sec. 3409 provides for the recording of such mortgage. The recording thus provided for is for the purpose of giving notice to all persons of the existence of such mortgage and its conditions and terms, in order that all persons dealing with the mortgagor or with reference to the property mortgaged may have notice of the condition and title to such property. This same section of the statute contains a proviso:

"That if the mortgagee receive and retain actual possession of the property mortgaged, he may omit the filing of his mortgage during the continuance of such actual possession."

This statute clearly recognizes the right of a mortgagee, where possession is delivered to the mortgagee, to enforce the mortgage whether the same be filed for record or not, and makes the possession equivalent to the recording. This section of the statute was under consideration by this court in the case of *First National Bank v. Steers,* 9 Ida. 519, 108 Am. St. 174, 75 Pac. 225, in which the court says:

"The statute therefore recognizes the right of the mortgagor to contract with the mortgagee, whereby the latter may have the actual possession of the property mortgaged. In face of the expressed recognition of this right as embodied in the statute, we do not think the court would be justified in holding a stipulation in the mortgage invalid which authorizes the mortgagee upon named contingencies taking possession of the mortgaged property."

If, therefore, the mortgagor and mortgagee may incorporate in the mortgage a provision which authorizes the mortgagee to take possession of the mortgaged property upon the happening of certain contingencies, there would seem to be no good reason why such agreement may not be made after the execution of the mortgage and the possession of the mortgaged property surrendered to the mortgagee. By such agreement the parties to the mortgage are doing the very thing which they might have done in the first instance, and the mortgagee is given no greater right than would have been given him had such agreement been incorporated in the mortgage.

In the case of *Ryan v. Rogers*, 14 Ida. 309, 94 Pac. 427, this court had under consideration the rights of a mortgagee who took possession of a stock of goods and merchandise, where the mortgage provided that the mortgagor might retain possession and dispose of the mortgaged goods in the ordinary course of trade, and said:

"In this case the mortgagee took possession of the remaining property covered by the mortgage prior to any creditors' rights initiating by reason of an attachment lien or other encumbrance on the property, whereby a general creditor could bring himself within the purview of the statute and acquire a right to contest the mortgage. (*Neustadter Bros. v. Doust*, 13 Ida. 617, 93 Pac. 978.) Possession of the remaining mortgaged property having been taken by the mortgagee prior to the rights of any creditor attaching thereto, the mortgagee would be exempt from the application of the general rule."

In that case this court held that while it would, as a matter of law, be a fraud upon attaching creditors, and avoid the mortgage where the mortgagor was permitted to remain in possession of the stock of merchandise, where the stock was double the value of the debt, and continue to sell such stock in the ordinary course of trade long after the debt matured, still where the possession of such property was surrendered to the mortgagee prior to the date attaching creditors' rights attached, the possession of the mortgagee would be exempted from the application of the general rule.

In Jones on Mortgages, sec. 178, the author states the rule as follows:

"If a mortgagee take possession of the mortgaged chattels before any other right or lien attaches, his title under the mortgage is good against everybody, if it was previously valid between the parties, although it be not acknowledged and recorded, or the record be ineffectual by reason of any irregularity. The subsequent delivery cures all such defects; and it also cures any defect there may be through an insufficient description of the property. The taking of possession is an identification and appropriation of the specific property to the mortgage. . . . . . Delivery of possession under a mortgage, before rights have been acquired by others, will cure any invalidity there may be in the instrument, whether arising from an insufficient description of the property, an insufficient execution of the instrument, the omission to record it, or from its containing a provision which makes it void except as between the parties; as, for instance, an agreement that the mortgagor may retain possession and sell a stock of goods in the usual course of trade."

This question was directly before the supreme court of Missouri in the case of *Dobyns v. Meyer,* 95 Mo. 132, 6 Am. St. 32, 8 S. W. 251, and the court of appeals in the case of *Koppelman Furn. Co. v. Fricke,* 39 Mo. App. 146. In the latter case the court cites the former and says:

"The latter court, in passing on the case (*Dobyns v. Meyer,* 95 Mo. 132, 6 Am. St. 32, 8 S. W. 251), decided that a mortgagee, who takes possession of the mortgaged property before levy thereon by an attaching creditor, is entitled to hold the property, notwithstanding there was an agreement between the mortgagor and mortgagee that the former might sell the property in the usual course of business for his own benefit. This case settles the question adversely to the plaintiff in the case at bar, and, unless there was actual or intentional fraud in the execution of the mortgage, the judgment of the circuit court will have to be affirmed."

In the case of *Cameron v. Marvin,* 26 Kan. 612, this question was fully discussed by the court, in which it held:

"Where the mortgagee, knowingly and by acquiescence, permitted the mortgagor to dispose of some of the mortgaged property and to deal with all of it as though it were his own, the mortgagor depositing the proceeds of the sales of the mortgaged property in the mortgagee's bank, and the mortgagee permitting the mortgagor to draw the same out at different times, and as he might want them, by drawing checks thereon, *held,* that after the mortgagor delivered the possession of the mortgaged property to the mortgagee, the mortgages must be held valid as to all the mortgaged property so delivered."

In the Cameron case it was claimed that the mortgages were void, because they were never recorded and because they contained a provision allowing the mortgagor to retain possession and sell the mortgaged property, and in that case the court held that all of the mortgages were void as to creditors because not recorded; yet, where the possession of the mortgaged property was delivered to the mortgagee prior to the rights of creditors attaching to said property, the mortgages became valid. The court says:

"Did the mortgages become valid when the plaintiffs took possession of the property under them? We think we must answer this question in the affirmative."

And a large number of cases are cited to support this contention. In that case the principal case relied upon by counsel for respondent in this case is referred to,—*Blakeslee v. Rossman,* 43 Wis. 116. After quoting from Jones on Chattel Mortgages (the provision heretofore referred to in this opinion) the court says:

"This statement of the law is undoubtedly in accordance with the great weight of authority. It may be true that in some cases, where the mortgagee takes possession of the mortgaged property under a void mortgage without the consent of the mortgagor, that such possession will not make the mortgage valid. This, we think, was the case in the case of *Blakeslee v. Rossman,* 43 Wis. 116, the leading case referred to by counsel for defendant in this case. But in all cases where there is a voluntary delivery of the possession of the property by the mortgagor to the mortgagee, under

the mortgage, such delivery will render the mortgage valid as to all persons not then having any specific right to or lien upon the property, provided the mortgage was previously valid as between the parties thereto; and it must be remembered that in the present case the mortgagor voluntarily delivered the property to the mortgagees, and assisted them in making an inventory thereof.''

We believe the rule announced in this case is correct, and that where a chattel mortgage is valid between the parties, even though for some reason it be void as to creditors, yet if the property be delivered to the mortgagee prior to the time any specific right or lien upon the property is acquired by a creditor, the possession of such mortgagee is valid, and may be maintained and the property sold under the provisions of such mortgage.

It will be perceived that the complaint in this case alleges that the mortgaged property was delivered over to the mortgagee, and the mortgagee went into possession of the same for the purpose of better securing the debt due from the mortgagor to the mortgagee; that the mortgagee was thus placed in possession of the mortgaged property with the consent of the mortgagor prior to the time the defendant levied upon said property under the writs of attachment placed in his hands. Under such circumstances we see no reason and are clearly of the opinion that whether the provision in the mortgage as to the mortgagor retaining possession with power of sale rendered such mortgage void as to creditors is immaterial and in no way affects the rights of the mortgagee. For this reason it is unnecessary to determine the effect of such provision. A general creditor has no more right to the property than the mortgagee, even though the mortgage be void as to creditors. Either may procure a lien upon such property in any method known to the law, and if a mortgagee takes possession of the mortgaged property, even under a mortgage void as to creditors, his possession cures such defect and gives him the right to maintain such possession as security for his debt, and if this is done with the consent of the mortgagor prior to the time the general creditor secures an attachment, the mortgagee's right becomes prior to

that of the attaching creditor, and the mortgage is given life and force and effect by the joint action of both the parties to such mortgage.

In this case it is alleged that the mortgagee took possession of the mortgaged property under the mortgage and not independent of the mortgage. In such case the mortgagee will be required to pursue the statutory course provided for enforcing a mortgagee's lien.

Counsel for respondent also contend that the mortgagee had no right to take possession of the mortgaged property because there was no default on the part of the mortgagor. The provisions in the mortgage fixing the time and terms of payment were for the benefit of the mortgagor and are provisions that he may waive. Where the mortgage provides that the mortgagor shall be in default if payment be not made at some future date, there would seem to be no good reason why the mortgagor might not waive the time given for payment and consent to the mortgagee's enforcing such mortgage prior to such time. In this case the mortgagor is not contesting the mortgagee's right to take possession of the mortgaged property, but, on the contrary, it is alleged in the complaint that such possession was taken with his consent. Under such circumstances an attaching creditor is not in a position to challenge the mortgagee's right to possession when the mortgagor has consented to the same.

It would be manifestly unjust to both the mortgagor and mortgagee to say that where a mortgage had been valid between the parties and the maturity of the debt secured by such mortgage had been fixed for a future time, and the mortgagor finding his business unprofitable and that he would be unable to meet his obligations or conduct the business except at a loss, he could not go to the mortgagee and say, "I will be unable to meet my obligations at maturity; the business is a losing proposition; I want you to take possession of the mortgaged property and satisfy your claim out of the same." If, under such circumstances, the mortgagee is precluded from taking possession of the property from the mere fact that there has been no default, and must suffer and permit the property to stand awaiting the time when

the debt matures, it might result in very serious loss both to the mortgagor and mortgagee. If instead of suffering such conditions to arise, the mortgagor and mortgagee agree that the mortgagee may take immediate possession and apply the property in satisfaction of the mortgage lien, it would seem to be not alone to the benefit and advantage of the parties to the mortgage, but also to creditors of the mortgagor.

From what has been said it follows that the trial court erred in sustaining the demurrer to the complaint. The judgment is *reversed,* and the trial court directed to overrule the demurrer to the complaint. Costs awarded to *appellant.*

Sullivan, C. J., and Ailshie, J., concur.