## MORGAN v. LAYTON et al.

No. 3779.    Decided June 19, 1922.    (208 Pac. 505.)

1. CHATTEL MORTGAGES—FORECLOSURE BY ACTION NOT EXCLUSIVE REMEDY IF MORTGAGE CONTAINED POWER OF SALE. Under Comp. Laws 1917, § 7230, providing there is but one action for the enforcement of any right secured by mortgage upon real estate, or personal property, the remedy by action to foreclose a chattel mortgage is exclusive, unless the mortgage contains a power of sale, in which event a foreclosure by advertisement and sale is authorized by section 471, the advertisement and sale to be made in the manner prescribed by sections 479, 481.

2. CHATTEL MORTGAGES—REPLEVIN LIES TO RECOVER POSSESSION GIVEN TO MORTGAGEE ON DEFAULT. Where a chattel mortgage provided that upon default of the mortgagor the mortgagee was entitled to possession of the goods, the mortgagee may maintain an action in claim and delivery to recover such possession after default by the mortgagor and refusal to deliver possession on demand.

3. CHATTEL MORTGAGES—POSSESSION OF MORTGAGEE AFTER DEFAULT IS ONLY FOR ADVERTISEMENT AND SALE. The right of possession of a chattel mortgagee after the mortgagor's default is not absolute, but is limited to possession for the purpose of advertisement and sale.

Appeal from District Court, Third District, Salt Lake County; *L. B. Wight,* Judge.

Action in claim and delivery by Clara Morgan against G. W. Layton and another. Judgment for plaintiff, and defendants appeal.

AFFIRMED.

*T. F. Ashworth,* of Salt Lake City, for appellants.

*W. C. Braffett* and *H. Van Pelt,* both of Salt Lake City, for respondent.

THURMAN, J.

Plaintiff brought this action in claim and delivery to recover possession of certain household goods and furniture upon which she held a chattel mortgage to secure payment of an indebtedness in the sum of $515. The mortgage contained a clause to the effect that if default be made in the payment of the debt plaintiff might take possession of the property and proceed to foreclose the mortgage. The complaint alleges default in payment of the debt, except as to the sum of $130. It is also alleged that after default demand was made by plaintiff for possession of the property, and the demand was refused to plaintiff's damage in the sum of $600, for which amount she prays judgment in case delivery of possession cannot be had.

The usual affidavit in claim and delivery was made by plaintiff, and undertaking filed. Defendants filed counter-undertaking and retained possession of the property. Defendants demurred to the complaint, principally on the ground that the plaintiff's remedy was an action to foreclose the mortgage instead of an action in claim and delivery. 'Defendants also moved to dismiss the action on the same grounds. The court below overruled the demurrer and denied the motion to dismiss. Defendants, answering the complaint, admit the indebtedness and execution of the mortgage to secure the same; they also admit that they are owners and in possession of the property described in the complaint, and allege it to be of the value of $3,000. Defendants deny the remaining allegations of the complaint, and affirmatively allege that plaintiff's true remedy, if any she has, is by the foreclosure of the chattel mortgage in the manner provided by law.

The court found that the plaintiff had a special property in the furniture in question by virtue of a chattel mortgage thereon, and that the mortgage provided that if default be made in the payment of the indebtedness plaintiff might take possession of the chattels and proceed to foreclose the mortgage. The court also found that there was a balance due

plaintiff in the sum of $435, which was the value of plaintiff's special property in the chattels; that default was made by defendants in the payment of the debt; that thereafter plaintiff demanded possession of the property, which demand was refused; and that defendants unlawfully detained possession of the property. Finally, the court found that plaintiff, by her proceeding in claim and delivery, took possession of the property, and that afterwards defendants obtained a redelivery thereof as provided by law, and that possession can be obtained and a delivery thereof to plaintiff be had under judgment and execution. The court also found that the property at the commencement of the action was of the value of $3,000. The conclusions of law follow the findings of fact. Judgment was entered for plaintiff for the possession of the property and for costs.

Appellants challenge the remedy sought by plaintiff, and contend that the only permissible form of action under the undisputed facts is that provided in Comp. Laws Utah 1917, §§ 7230 to 7237, both inclusive. Section 7230 reads as follows:

"There can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter. Judgment shall be given adjudging the amount due, with costs and disbursements, and the sale of the mortgaged property, or some part thereof, to satisfy said amount, and directing the sheriff to proceed and sell the same according to the provisions of law relating to sales on execution. Such judgment may be docketed at any time."

In an action to recover a debt secured by mortgage on real property, or by a lien on personal property without a power of sale, the remedy afforded by the above-mentioned sections is the only one in this jurisdiction to which a creditor can resort in order to enforce his lien. In the instant case the chattel mortgage expressly provides that in the event default be made in the payment of the debt the plaintiff may take possession of the property and proceed to foreclose the mortgage. Section 471 of the same compilation, relating to foreclosure of chattel mortgages, authorizes fore-

closure as provided in sections 7230 to 7237, or, in case the mortgage contains a power of sale, if default is made, foreclosure may be made by advertisement. The section reads:

"An action for the foreclosure of a mortgage of personal property or for the enforcement of any lien thereon, may be conducted in the manner provided by law for the foreclosure of a mortgage or lien upon real property, and without the right of redemption; or, a mortgage of personal property containing a power of sale upon default being made in the conditions of such mortgage, authorizing the exercise of such power, may be foreclosed, by advertisement, in the manner and upon the notice hereinafter provided."

Section 479 provides the method of advertisement, and section 481 prescribes the manner of sale, and that it must be made in view of the property.

In order to foreclose by advertisement and sale the first step necessary on the part of the plaintiff was to obtain possession of the property, for it must be under his control in order to place it in view of bidders at the time of the sale. To this end the mortgage in the case at bar expressly authorized the mortgagee to take possession in case the mortgagor defaulted in payment of the debt.

In this case the mortgagor defaulted. Plaintiff as mortgagee demanded that the debt be paid or that the property covered by the mortgage be delivered into her possession. Defendants failed and refused to comply with the demand. Plaintiff brought this action for the sole purpose of obtaining possession of the property. We know of no form of action more appropriate, if indeed there is any other appropriate form known to the law.

The court found that plaintiff had a special property in the furniture to a certain extent of value; that defendants had defaulted in payment of the debt; that the mortgage in express terms conferred upon plaintiff the right of possession, and hence it found as a conclusion of law that plaintiff was entitled to possession of the property. Judgment was entered accordingly.

The court is of opinion, under the facts of this case, that claim and delivery was a proper form of action. It has the sanction of reason, and is supported by authority. Respond-

ent calls our attention to a few cases very much in point. In *Harper* v. *Gordon*, 128 Cal. 489, 61 Pac. 84, the third headnote as reported in the Pacific Reporter, succinctly states the point and the holding of the court:

"A mortgagee in a chattel mortgage which provides that he shall be entitled to possession after default may, after default, maintain replevin to obtain possession of the chattels, though he does not seek to foreclose the mortgage in such action, notwithstanding Code Civ. Proc. § 726, which provides that there can be but one action for the recovery of a debt, or the enforcement of any right secured by mortgage on personal property."

See, also, *O'Neill* v. *Whitcomb*, 3 Idaho, 624, 32 Pac. 1133; *First National Bank, etc.*, v. *Steers*, 9 Idaho, 519, 75 Pac. 225, 108 Am. St. Rep. 174; Jones on Chattel Mortgages (5th Ed.) § 430 et seq.; *Flinn* v. *Ferry*, 127 Cal. 648, 60 Pac. 434. In the last case cited the doctrine is stated in the third paragraph of the syllabus:

"A chattel mortgagee may maintain replevin for the chattels where the mortgage gives him a right of possession."

The principle is sustained in *Frisbee* v. *Longworthy*, 11 Wis. 393.

There ought not to be any doubt concerning this question, even if it had not been judicially determined. The possession acquired by plaintiff under the judgment of the court, however, is not an absolute, unqualified possession. It is limited by the purpose for which it was obtained, viz., in order to foreclose the mortgage by advertisement and sale of the property as provided by law. For that purpose and that purpose only plaintiff is entitled to the possession of the property.

If defendants, instead of seeking a dismissal of the action on purely technical grounds, had, in addition to their answer, interposed an affirmative demand for equitable relief based upon a sufficient showing as to their equities in the case, they might thereby have given the trial court an opportunity to convert the proceeding into an action for foreclosure by decree of court. But defendants apparently were not so disposed.

For the reasons stated, the judgment of the trial court is affirmed, at appellants' cost.

CORFMAN, C. J., and WEBER, GIDEON, and FRICK, JJ., concur.