JOHN P. JONES v. E. A. ANNIS.

1. CHATTEL MORTGAGE — *Mortgagee, Deeming Himself Insecure.* Where a chattel mortgage is given to secure a debt, and the mortgagor is to retain the possession of the property until default shall be made in the payment of the debt or until the mortgagee shall deem himself insecure, the mortgagee may afterward take the possession of the mortgaged property whenever default shall be made in the payment of the mortgage debt, or when the mortgagee shall deem himself insecure.

2. REPLEVIN — *Cattle, not Covered by Mortgage.* And when the mortgagee takes the possession of the mortgaged property for the above reasons, which property consists of 10 head of cattle, and through a mistake takes two head of cattle not covered by the mortgage instead of two of the mortgaged cattle, and the mortgagor replevies

the cattle, *held*, that the mortgagor can maintain the action only for the two cattle not covered by the mortgage.

3. ——— *Measure of Recovery.* Where the mortgagee while in the possession of the cattle disposes of two head thereof, *held*, that the plaintiff in the replevin action cannot recover a judgment absolutely for the value of these two head of cattle as damages, but he is entitled only to have their price or value deducted from the amount of the mortgage debt still remaining due and unpaid.

4. SPECIAL QUESTIONS—*Refusal, Error.* When a party to an action in a proper manner requests the court to submit to the jury proper special interrogatories to be answered by the jury, the court commits error if it refuses to so submit them.

*Error from Comanche District Court.*

REPLEVIN. Judgment for plaintiff, *Annis*, at the November term, 1888. The defendant, *Jones*, comes to this court. The facts appear in the opinion.

*Ben. Howarth,* and *W. S. Denton,* for plaintiff in error.

*C. O. Blake,* and *Ady, Peters & Nicholson,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin, brought in the district court of Comanche county, on December 13, 1887, by E. A. Annis against John P. Jones, for the recovery of eight cows and two bulls, of the alleged value in the aggregate of $455. The defendant answered, interposing a general denial, and also alleging substantially as follows: That all his connection with the cattle was as cashier and agent of the First National Bank of Coldwater, a corporation, and that the bank had the right to the possession of the cattle because of the following alleged facts: On May 12, 1887, Annis executed a promissory note to John P. Jones, cashier as aforesaid, for $148, with interest at the rate of 12 per cent. per annum, due in 60 days after date; and also executed a chattel mortgage to the same party upon the aforesaid cattle,

to secure the aforesaid note; that the chattel mortgage contains, among other stipulations, the following:

"If default shall be made in payment of said sum of money [the mortgage debt] or any part thereof, when the same shall become due and payable, or if said party of the second part [John P. Jones, cashier] shall at any time deem himself insecure, then and thenceforth it shall be lawful for said party of the second part, his executors or assigns or his authorized agents, to take into his possession said goods and chattels wherever the same may be found, and sell the same at public or private sale, and after satisfying the sum of money hereby secured and the interest thereon, and all costs, charges and expenses incurred, out of the proceeds of said sale, he shall return the surplus to the said party of the first part, or his legal representatives."

That the note became due and was not paid, and the defendant and the bank, believing that the bank, as the owner and holder of the mortgage debt, was insecure, did, on November 30, 1887, take the possession of the mortgaged property for the bank. The plaintiff replied by filing a general denial. A trial was had before the court and a jury, and the jury rendered a general verdict in favor of the plaintiff, and assessed his damages at $77, and judgment was rendered that the plaintiff retain the possession of the cattle and recover the aforesaid damages and costs; and the defendant, as plaintiff in error, brings the case to this court for review.

According to the pleadings and the evidence, the mortgage debt was due and unpaid at the time when the defendant and the bank took the mortgaged property into their possession, and it does not appear that the debt has ever been paid; and these parties believed that the mortgage creditor was insecure, and probably as a fact such insecurity really existed. The mortgage covered all the property taken by the defendant and the bank, except perhaps two, or possibly three, cows; and the plaintiff, Annis, when he replevied the same, obtained the possession of all the property taken except two cows which had previously been disposed of, and he still retains the possession of the replevied property. It would therefore seem that the defendant ought to have recovered a judgment in the

action in the alternative for all the replevied property except the two or three cows not covered by the mortgage; or the value of the bank's interest therein, to wit, the amount still remaining due and unpaid on the mortgage, leaving the plaintiff to retain absolutely the two or three cows.

The plaintiff in error, Jones, claims in this court that the court below committed various errors, only a few of which, however, will it be necessary for us to consider. He urges that the court below erred in refusing to give the following, among other instructions, to the jury:

"If you find from the evidence that the defendant detained possession of said property under a chattel mortgage, it will make no difference whether said debt was due or not, if at the time the defendant took possession of said property he believed himself insecure, for in that case he had the right under the mortgage to take possession of said property.

"If, prior to the commencement of this action, the defendant had disposed of any number of the cattle sought to be recovered and it was beyond his power to return the same, then, as to such cattle, your verdict as to such must be for the defendant, unless you further find that he disposed of the same to defeat plaintiff in this action."

It is also claimed that the court below erred in giving the following, among other instructions:

"You may also take into consideration, in determining the damages the plaintiff is entitled to recover, if you find he is entitled to recover at all, the value of the property so taken and detained by the defendant. If you find that any portion of it has been converted to the use and benefit of the defendant, such portion of the property you may find the value of, in determining the damage the plaintiff is entitled to recover."

It is also claimed that the court below erred in refusing to submit to the jury the following, among other special interrogatories:

"1. Did John P. Jones have the possession at the commencement of this suit of all the property described in the plaintiff's affidavit of replevin filed in this suit?"

"4. Was the debt secured by the mortgage from the plain-

31—47 KAS

tiff to John P. Jones, cashier, paid at the time the suit was instituted?

"5. If you find for the plaintiff as to damages, how much do you find for the two cows that were slaughtered before the suit was instituted? State separately the value of each cow so slaughtered."

We would think the court below erred, substantially, as claimed by the plaintiff in error. The defendant in error, Annis, who was plaintiff below, attempted by his evidence to make it appear that the mortgage debt was not due when Jones and the bank took possession of the mortgaged property. We think, however, he failed; but upon the theory that he did not fail, then it devolved upon the defendant, Jones, and the bank to show that they believed themselves to be insecure at the time when they took the possession of the mortgaged property, for otherwise they would wholly fail in their defense to the action; and hence the first of the above-quoted instructions asked for by the defendant below, Jones, was very important, and should have been given. The next instruction above quoted asked for by the defendant and the one above quoted given by the court may be considered together. The plaintiff below, Annis, could not recover in replevin the two cattle disposed of and slaughtered before the action was commenced, or their value; but still their value, or the price for which they were sold, should have been taken into consideration by the jury in finding the value of the interest of the defendant and the bank in the replevied property, and this value or price of the cattle disposed of and slaughtered should be deducted from the mortgage debt, and Jones, as the representative of the bank, should recover as the value of their interest in the replevied property only the amount of the mortgage debt with this value or price deducted therefrom. The court below therefore erred in this particular also, for it permitted the plaintiff, Annis, to recover absolutely for these two cattle disposed of and slaughtered before the commencement of this action, and ignored wholly the mortgage and the mortgage debt. We think the court below also erred in re-

Boot and Shoe Co. v. Ware.

fusing to submit to the jury the special interrogatories above quoted. It is perhaps not necessary, however, to comment specially with reference to them.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.