(June 14, 1906.)

ALBERT T. RYAN, Trustee, Respondent, v. WALTER A. ROGERS et al., Appellants.

[86 Pac. 524.]

QUESTIONS FOR JURY AND COURT—STIPULATION AS TO QUESTIONS SUB-MITTED TO COURT AND JURY.

1. Where a chattel mortgage was given on a stock of merchandise, and the mortgagor thereafter went into bankruptcy, and the mortgagee proceeded to foreclose his mortgage, and suit was thereafter brought against the mortgagee and sheriff to recover the value of the property seized and sold in such foreclosure proceedings, and it was stipulated by respective counsel that the question as to the value of the property so seized and sold should be submitted to a jury, and that in case the court found the mortgage was void as against the plaintiff, judgment should be entered in his favor and against the defendants for the full amount of the value of the property as found by the jury, otherwise, judgment to be entered for the defendants, and the jury found the value of the property to be $2,400; and the court found that the mortgage was valid, judgment should have been entered for the defendants.

(Syllabus by the court.)

APPEAL from District Court of the Sixth Judicial District for Bingham County.   Hon. James M. Stevens, Judge.

Action to recover the value of property sold under foreclosure of chattel mortgage.   Judgment for the plaintiff.   *Reversed.*

F. S. Deitrich and John W. Jones, for Appellants.

Litigants are at liberty to prescribe the issues to be tried and modify and limit the issues made or to be made by the pleadings, or to waive the issues made by the pleadings on file and stipulate for a trial on the merits, regardless of such issues.   (20 Ency. of Pl. & Pr. 619; *Bingham v. Winona*

*County,* 6 Minn. 136; *Muir v. Preferred Acc. Ins. Co.,* 203 Pa. St. 338, 53 Atl. 158; *Crosby v. Security Mut. Life Ins. Co.,* 83 N. Y. Supp. 140, 86 App. Div. 89.)

G. F. Hansbrough and Hawley, Puckett & Hawley, for Respondent, cite no authorities on the point decided.

SULLIVAN, J.—This action was commenced by Albert T. Ryan, trustee in bankruptcy of the estate of Peter Van Blaricom, against Walter A. Rogers and also Peter A. Steers, as sheriff of Bingham county. By this action plaintiff sought to recover from the appellants $3,000, the alleged value of the stock of merchandise which the respondent, as trustee aforesaid, claimed belonged to said Van Blaricom, and which it is alleged the appellants wrongfully converted to their own use.

The answer contains a specific denial of all the allegations of the amended complaint; and further answering they allege that the appellant Steers was, at the dates mentioned in the complaint, sheriff of Bingham county, and that on the twenty-first day of July, 1903, the said Van Blaricom was indebted to the appellant Rogers in the sum of $1,500, and to secure the payment of the same he executed and delivered to said Rogers a certain chattel mortgage upon the identical stock of goods, wares and merchandise referred to in the amended complaint that sets out particularly the terms of said chattel mortgage; that after paying the interest upon said indebtedness for the first quarter, said Van Blaricom failed and neglected to pay any of or further interest thereon; and that pursuant to the terms of said mortgage, the said Rogers declared the whole of said indebtedness due and payable, and thereupon, on the eighth day of July, 1904, proper proceedings were brought as provided by law for the foreclosure of said mortgage; and that thereupon the appellant Steers, as sheriff, took possession of the property described in said mortgage and proceeded according to law to make a sale thereof to satisfy the indebtedness secured by said mortgage; that thereafter, and before the sale of said property took place,

the said sheriff was enjoined from selling said property, and thereafter said injunction was dissolved and the sale of said property was made by the sheriff of said county for the sum of $1,835; that at all times mentioned in said amended complaint said mortgage was a valid and existing lien upon the property described therein, and that in seizing and selling said property the appellants fully complied with the law in such cases made and approved. The issues being thus made, the following stipulation was entered into before the trial of the case began: "It is hereby stipulated that a special question shall be submitted to the jury in answer to which they shall find simply the value of the property seized and sold by the defendants, and there shall be submitted to the court, upon the evidence, the question whether or not the chattel mortgage in controversy, under the circumstances shown by the evidence, was void as against the plaintiff at the time of the plaintiff's appointment as trustee, the court to take into consideration the fact of actual possession by the defendants of said property at said time, and if the court find that said mortgage was at said time void as against the plaintiff, and further find the defendants had no valid lien as against the trustee by reason of such possession, judgment shall be entered in favor of the plaintiff and against defendants for the full amount of the value of said property as found by the jury; otherwise, judgment to be for said defendants." Thereafter a jury was impaneled, and under said stipulation one question was submitted to them, and that was "the value of the property seized and sold by the defendants." The jury found the value of said property to be $2,400. The court thereupon proceeded to try the other issues made by the pleadings, and made its findings of fact and conclusions of law and entered judgment thereon, wherein and whereby it was adjudged that the respondent, trustee, have and recover of and from the appellants the sum of $2,100, with interest thereon and costs of suit. This appeal is from that judgment. A number of errors are assigned, the first of which is that the court erred in not ren-

dering judgment in accordance with said written stipulation made by counsel for the respective parties. It appears from their stipulation that three questions were submitted for determination: one to the jury—two to the court. The jury was required to and did find the value of the property so seized and sold by the appellants to be of the value of $2,400. The first question submitted to the court by said stipulation was whether or not the chattel mortgage in controversy, under the facts and circumstances shown by the evidence, was void as against the plaintiff at the time of plaintiff's appointment as trustee, and in determining that question the court, under the terms of said stipulation, was to take into consideration the fact of the actual possession by the defendants of said property at said time; and, second, if the court should find that said mortgage was at said time (date of appointment of trustee) void as against the respondent trustee, and further find that the defendants had no valid lien as against the trustee by reason of such possession, judgment should be entered in favor of the respondent and against the appellants for the full amount of the value of said property as found by the jury; otherwise judgment was to be rendered and entered for the appellants. The stipulation requires that the judgment be absolutely for the defendants, unless the court found, as a matter of law, that the chattel mortgage was void as against said trustee; and also that the appellants had no lien upon said property by virtue of their possession thereof. In other words, if the court found that said mortgage was void as against the trustee, judgment should go in his favor for the full value of said property. But if the court found it valid as against the trustee, judgment was to go against him for the full value of the property found by the jury.

We conclude, under said stipulation and the findings of the court on the question submitted to it, that judgment should have been entered for the appellants. The court found that the mortgage was a valid mortgage as to a part of the property that had been seized and sold by the sheriff

under said chattel mortgage foreclosure proceedings. By the
terms of said stipulation the court was not authorized to de-
termine the value of the merchandise actually included in said
mortgage, but was only authorized to determine the ques-
tion of the validity of said mortgage. No doubt respective
counsel considered that it would be very difficult to segregate
the articles of merchandise that were in the store building
occupied by the mortgagor at the time he executed said mort-
gage, and the articles that he had purchased thereafter and
intermingled with those that he had mortgaged. While the
judgment of the trial court may be equitable, it is not in
accordance with said stipulation, and the terms of the stipula-
tion must control. The judgment must be reversed and the
cause remanded, with instructions to enter judgment for the
defendants. Costs of this appeal are awarded to the appel-
lants.

Stockslager, C. J., and Ailshie, J., concur.

### ON REHEARING.

(July 18, 1906.)

STOCKSLAGER, C. J.—Counsel for respondent has filed
a lengthy petition for a rehearing in this case, insisting—1.
"That the chattel mortgage in controversy is void *ab initio;*
2. That it was the intention of the trial judge to find the
said chattel mortgage void *in toto;* 3. That the finding of
the trial judge for the plaintiff in the sum of less than $2,400,
the value of the property as found by the jury, was for the
purpose of reducing the damages to the amount of the or-
iginal stock of goods upon which the said mortgage was once
a lien, and was within the equity jurisdiction of the court,
even though the court found as it did, or intended to find
the mortgage invalid."

It seems to be conceded by all parties that by the terms
of the stipulation entered into before the trial, but one
question was to be submitted to the jury, and that was:
"What was the value at the time and place said sale was

made of the goods taken by defendant Steers as sheriff, under the mortgage in question on the eleventh day of August, 1904?" A. "$2400 (Twenty-four hundred dollars). H. C. Dippel, Foreman."

It would seem from the stipulation that an answer to this question was to bind all parties to the litigation as to the actual value of the goods, and the court was also required to accept the finding of the jury on this question as final. After this question was determined by the jury the stipulation required the court to find whether the chattel mortgage was void as against the plaintiff at the time of the plaintiff's appointment as trustee. And if the court find that said mortgage was at said time void as against the plaintiff, and further find the defendant had no valid lien as against the trustee by reason of such possession, judgment shall be entered in favor of the plaintiff and against defendants for the full amount of the value of said property as found by the jury; otherwise judgment to be for defendants. By the terms of this stipulation, whether equitable or otherwise, the issues were narrowed down to practically two questions: 1. The jury should determine the value of the goods; 2. The court should determine whether the chattel mortgage was void as against plaintiff as trustee, and judgment should follow the two findings. The finding of the jury is plain and unequivocal, but the findings of the court are not in strict conformity with the stipulation.

On a further consideration of the record, we conclude that this case should be remanded to the lower court, with instructions to make findings of fact and conclusions of law in harmony with the stipulation and finding of the jury, and order judgment according to such finding and conclusions, and it is so ordered. Costs awarded to appellant.

Ailshie, J., and Sullivan, J., concur.