(February 17, 1908.)

## A. T. RYAN, Trustee, Respondent, v. WILLIAM S. ROGERS, Administrator, etc., et al., Appellants.

[94 Pac. 427.]

CHATTEL MORTGAGE—PROPERTY COVERED BY MORTGAGE—AFTER-ACQUIRED PROPERTY—SALE OF MORTGAGED PROPERTY BY MORTGAGOR WITH CONSENT OF MORTGAGEE—SUCH SALE AVOIDS MORTGAGE—CONSTRUCTION OF STIPULATION—FILING PETITION IN BANKRUPTCY EQUIVALENT TO ATTACHMENT BY CREDITORS—LAW OF THE CASE.

1. Where a chattel mortgage is executed covering a stock of goods or merchandise constituting the stock in trade of the mortgagor, and contains no provision that it shall also cover after-acquired property, the mortgagee will not be authorized to seize an after-acquired stock of merchandise that has been purchased and put in the business by the mortgagor subsequent to the execution of the mortgage and after a sale of the original stock, where the sale has been with the consent and permission of the mortgagee.

2. Where the mortgagor, with the knowledge and consent of the mortgagee, remains in possession of the chattels mortgaged, and with the knowledge and consent of the mortgagee continues to sell and "dispose of the same without applying the proceeds of the sales to the reduction of the mortgage debt," the existence of such facts, whether shown by the mortgage itself or by evidence *aliunde*, will invalidate

Points Decided.

and avoid the mortgage as against creditors and other interested third parties.

3. ID.—In such case, however, the mortgage will be good as between the mortgagor and mortgagee as to any and all property not so disposed of, and the fact of such consent and permission having been given by the mortgagee cannot avail the mortgagor as a defense.

4. Although a chattel mortgage is defective or invalid as to third parties, if the mortgagee take possession of the mortgaged property prior to any creditor or interested third party asserting his right and acquiring a claim against the property by attachment or execution or other lien, the security will be held valid, and the mortgagee will be protected to the extent of his claim.

5. The filing of a petition in bankruptcy, followed by a due and regular adjudication, amounts to a seizure of the property by the law which is equal in rank to a seizure on attachment or execution, and with respect to the right to attack transfers or encumbrances by the bankrupt as either actually or constructively fraudulent, the trustee stands in the same position as an attaching or execution creditor.

6. Where a party appeals from a judgment against him, and secures from the appellate court a construction of a stipulation, and at the same time a new trial is granted him, and upon the second trial judgment goes against him, and he again appeals, he cannot on the second appeal have any different construction placed on the stipulation from that given on the first appeal. In such case, the former construction of the stipulation becomes the law of the case in that respect.

7. Where a trustee in bankruptcy has commenced an action for conversion of personal property and alleges that he was appointed on a certain day, and that thereafter, and on a subsequent date, the defendant converted the property, and the defendant demurs to the complaint and the demurrer is overruled, and upon the trial the evidence shows that the conversion was prior to the date on which the plaintiff alleges that he was appointed trustee, the variance between the allegations of the complaint and the proofs cannot be considered on an objection raised by the demurrer, but should be raised by proper and timely objection to the evidence.

(Syllabus by the court.)

APPEAL from the District Court of the Sixth Judicial District for the County of Bingham. Hon. J. M. Stevens, Judge.

Action by A. T. Ryan as trustee in bankruptcy of the estate of Peter B. Van Blaricom, against William S. Rogers, as administrator of the estate of Walter A. Rogers, deceased, and Peter A. Steers, as sheriff of Bingham county, for conversion of personal property. Judgment for the plaintiff and defendants appealed. *Affirmed.*

John W. Jones, and S. J. Rich, for Appellants.

A provision in a chattel mortgage "that the mortgagor shall continue in possession, doing a retail business, but the proceeds derived from sales shall be, as the same is received, applied on the payment of the mortgage," does not invalidate a chattel mortgage, even as against attaching creditors. (*Noyes v. Ross*, 23 Mont. 425, 75 Am. St. Rep. 543, 59 Pac. 367, 47 L. R. A. 400, overruling the doctrine of *Leopold v. Silverman*, 7 Mont. 266, 16 Pac. 580; *Atchison v. Gray*, 63 Kan. 79, 64 Pac. 987; *Etheridge v. Sperry*, 139 U. S. 266, 11 Sup. Ct. 565, 35 L. ed. 171; 1 Cobbey on Chattel Mortgages, secs. 219-312; Jones on Chattel Mortgages, sec. 381; *Ephraim v. Kelleher*, 4 Wash. 243, 29 Pac. 985, 18 L. R. A. 604.)

"A creditor has the right to attack the validity of a chattel mortgage by attaching the property described therein, giving indemnifying bond to sheriff and selling the property." (*McConnell v. Langdon*, 3 Ida. 157, 28 Pac. 403; *Blumaur-Frank Drug Co. v. Branstetter*, 4 Ida. 557, 95 Am. St. Rep. 151, 43 Pac. 575.)

A general creditor cannot, before he has secured a lien upon the property in question, be heard to question the validity of a mortgage under the provisions of which property is being sold. (*People's Savings Bank v. Bates*, 120 U. S. 556, 7 Sup. Ct. 679, 30 L. ed. 754; *Thompson v. Van Vechten*, 27 N. Y. 568-582; *Wolcott v. Ashenfelter*, 5 N. Mex. 442, 23 Pac. 780, 8 L. R. A. 691; *Ullman v. Ducan*, 78 Wis. 213, 47 N. W. 266, 9 L. R. A. 683; *Sherwin v. Gaghagen*, 39 Neb. 238, 57 N. W. 1005; *Coykendall v. Ladd*, 32 Minn. 529, 21 N. W. 733; *Manson v. Phoenix*, 64 Wis. 26, 54 Am. Rep. 573, 24 N. W. 407; *In re New York Economical Printing Co.*,

110 Fed. 514, 49 C. C. A. 133; *In re Sewell*, 111 Fed. 791;
*Folsom v. Peru Co.*, 69 Neb. 316, 111 Am. St. Rep. 537, 95
N. W. 635.)

A chattel mortgage of a stock of merchandise, providing
for retention of possession by mortgagor and sale of goods
and the use of proceeds until default, is valid as between
the parties, and, when the mortgagee takes possession on
condition broken, his title becomes complete as against general
creditors.    (*Thompson v. Fairbanks*, 196 U. S. 516, 525, 25
Sup. Ct. 306, 49 L. ed. 577; *Fisher v. Zollinger*, 149 Fed. 54,
79 C. C. A. 76.)

If part of the goods were not covered by the mortgage and
they were commingled with goods that were covered by the
mortgage, it was the duty of Van Blaricom or his representa-
tives in the bankruptcy proceeding to point out the goods
which were claimed not to be covered by the mortgage. (*Haw-
kins v. Spokane*, 3 Ida. 650, 33 Pac. 40; Jones on Chat. Mort.,
2d ed., secs. 481, 482; Pingree Chat. Mort., sec. 126; *Willard
v. Rice*, 11 Met. 493, 45 Am. Dec. 226.)

Even if the mortgage were invalid as against the plaintiff,
the defendant Rogers has a right to setoff, and plaintiff at
most could only recover the difference between the value
of the property seized and the indebtedness due Rogers from
Van Blaricom.    (*Jones v. Annis*, 47 Kan. 478, 28 Pac. 156;
*Burton v. Randall*, 4 Kan. App. 593, 46 Pac. 326; *Jacobson
v. Aberdeen Pkg. Co.*, 26 Wash. 175, 66 Pac. 419.)

G. F. Hansbrough, and Hawley, Puckett & Hawley, for Re-
spondent.

"When jurisdiction in bankruptcy attaches, which it does
as soon as the petition is filed, it extends over the bankrupt
and his estate, and all parties and questions connected there-
with.    The filing of the petition is a caveat to all the world,
and is in effect an attachment and an injunction." (Love-
land on Bankruptcy, 76; Bankrupt Act, sec. 1, clause 10;
*In re Rodgers*, 125 Fed. 169, 60 C. C. A. 567.)

There must be something more than a naked stipulation in
a chattel mortgage permitting the mortgagor to remain in

possession of a stock of goods and sell the same and apply the proceeds to the payment of the debt. There must be a strict compliance with the stipulation of the mortgage; otherwise the mortgage is void. (*Lewiston Nat. Bank v. Martin*, 2 Ida. 734, 23 Pac. 920; *Wells, Fargo & Co. v. Alturas Com. Co.*, 6 Ida. 506, 56 Pac. 165; *Meyer v. Monro*, 9 Ida. 46, 71 Pac. 969; *Byrd v. Forbes*, 3 Wash. Ter. 318, 13 Pac. 715; *Wineburgh v. Schaer*, 2 Wash. Ter. 328, 5 Pac. 299; *Wilson v. Voight*, 9 Colo. 614, 13 Pac. 726; *Leopold v. Silverman*, 7 Mont. 266, 16 Pac. 580; *Stevens v. Curran*, 28 Mont. 366, 72 Pac. 753.)

If a mortgage is void for any purpose, it is void for all purposes, and if it is void as to a part of the goods, it is void as to the whole. (*Russell v. Winne*, 37 N. Y. 591, 97 Am. Dec. 755; *Grover v. Wakeman*, 11 Wend. 187, 25 Am. Dec. 624; *Horton v. Williams*, 21 Minn. 187.)

Suffering property covered by a chattel mortgage to remain in the hands of the mortgagor for an unreasonable time after default is a fraud *per se*, not open to explanation. (*Reed v. Ames*, 19 Ill. 594; 9 Cent. Dig., tit. "Chattel Mortgages," sec. 377.)

Where a bankrupt on the eve of his bankruptcy fraudulently sells and delivers goods to one of his creditors, the assignee may disaffirm the contract of sale and recover the value of the goods in trover, in which case the creditor cannot set off his debt. (*Benoist v. Darby*, 12 Mo. 196; Bankrupt Act, sec. 68; Brandenburg on Bankruptcy, 3d ed., p. 723.)

AILSHIE, C. J.—This action was commenced in the district court by Albert T. Ryan as trustee in bankruptcy of the estate of Peter B. Van Blaricom v. Walter A. Rogers and Peter A. Steers, as sheriff of Bingham county. Plaintiff sought to recover the sum of $3,000 alleged to be the value of a stock of merchandise which he claimed belonged to the estate of the bankrupt and which had been wrongfully converted by the defendant. The issues were joined and when the case came on for trial the attorneys made and filed a stipulation which is in the following words: "It is hereby stipu-

lated that a special question shall be submitted to the jury in answer to which they shall find simply the value of the property seized and sold by the defendants, and there shall be submitted to the court, upon the evidence, the question whether or not the chattel mortgage in controversy, under the circumstances shown by the evidence, was void as against the plaintiff at the time of plaintiff's appointment as trustee, the court to take into consideration the fact of actual possession by the defendants of said property at said time, and if the court find that said mortgage was at said time void as against the plaintiff, and further finds that the defendants had no valid lien as against the trustee, by reason of such possession, judgment shall be entered in favor of the plaintiff and against the defendants for the full amount of the value of said property as found by the jury; otherwise, judgment to be for said defendants." Under the provisions of the foregoing stipulation, a jury was impaneled and sworn and heard the evidence submitted, and found the value of the property in controversy to be $2,400. The court found that $300 worth of the property was originally covered by the mortgage, and that $2,100 worth of the property taken had never been covered by or included in the mortgage. The court thereupon entered judgment in favor of the plaintiff for the sum of $2,100. The defendant appealed to this court, and after an examination of the matter, the court, in pursuance of the conditions and requirements of the stipulation, held that the judgment must be for either plaintiff or defendant to the full value of the property as found by the jury, and accordingly reversed the judgment and remanded the cause for further findings and judgment in accordance therewith. (*Ryan v. Rogers,* 12 Ida. 404, 86 Pac. 524.) After the cause was remanded, the trial court made further findings and entered judgment in favor of the plaintiff for the full sum of $2,400. This appeal is from the judgment.

Appellants have assigned fourteen errors, but we will not undertake to consider them separately, but will rather deal with the questions as argued in the briefs. The stipulation was construed by this court on the previous appeal to

the extent of holding that under its terms the court should enter judgment for the full value of the property in favor of either the plaintiff or defendants. A further question, however, is raised on this appeal as to the construction of that stipulation which it will be necessary for us to consider. The substance of appellant's argument is to the effect that the trial court was to determine, under the provisions of the stipulation, whether the mortgage was on its face a valid and binding instrument. They seem to argue here that the trial court had no right to go into the evidence as to the circumstances under which the mortgage was executed and the knowledge of the mortgagee as to the disposition by the mortgagor of the property covered by the mortgage, nor was the court authorized to go into the question as to whether the property taken was in fact the property covered by the mortgage. Both the purpose and spirit of the stipulation, as well as the language it contains, refute the contention made by the appellants. The stipulation provides that "there shall be submitted to the court, upon the evidence, the question whether or not the chattel mortgage in controversy, under the circumstances shown by the evidence, was void as against the plaintiff at the time of plaintiff's appointment as trustee." It will thus be seen that the court was to determine the validity of the mortgage, not from the instrument itself, but upon the evidence and circumstances shown thereby. It could not have been the intention of the plaintiff to consent to a judgment against him for the value of property that was in fact not covered by the mortgage, nor could it have been his intention to submit the question on the face of the mortgage itself, or else he would not have provided for its consideration "upon the evidence." The conduct of the parties in the trial court shows clearly that they intended that this matter should be determined, not only upon the instrument itself, but upon all the facts and circumstances submitted in evidence. The trial court viewed the stipulation in the same light and heard the evidence, and, in fact, no objection was made to the introduction of the evidence in these respects. The mortgage in this case described the property as

follows: "The stock of goods and merchandise this day sold by the mortgagee to the mortgagor consisting of harness, saddles and supplies and furnishings used in connection with the business of the Blackfoot Harness Company now situated in the building of John C. Millick on Bridge Street in Blackfoot, Bingham County, Idaho."

Following this description of the property, the mortgage contains a further paragraph which is called under consideration in this case, and which is as follows: "It is understood and agreed by and between the parties that the mortgagor shall continue in possession of said goods, doing a retail business, but the proceeds derived from the sale of said property shall be as the same is received applied on the payment of this mortgage and not otherwise." The mortgage was executed on July 21, 1903, to secure the payment of two promissory notes, each for the sum of $750, bearing interest from date at the rate of ten per cent per annum. The first note fell due July 21, 1904, and the second July 21, 1905. Interest was made payable quarterly in advance. The mortgage also contained the usual stipulation providing that the indebtedness should become immediately due upon the failure of the mortgagor to comply with any of the covenants, agreements or stipulations of the mortgage, or to make payments of interest or principal when due. The only payment that was ever made was two or three days after the execution of the notes and mortgage, when the mortgagor paid the sum of $37.50 to be applied on interest. No further sum whatever was paid, but the mortgagor remained in possession of the property and continued to sell and dispose of the same, and sold off all the property covered by the mortgage with the exception of about $250 or $300 worth of fixtures. The mortgagee testified that he knew of the sales being made from time to time, and knew that the mortgagor was disposing of the property and that no payments whatever were being made on the indebtedness to him. The stock of goods at the time the mortgage was executed was of the value of about $3,000.

On July 8, 1904, the sheriff seized the whole of the property now in controversy under instructions from the defendant's

attorneys.    The sheriff, proceeding under affidavit and notice
as required for foreclosure of chattel mortgages, advertised
the property for sale on July 16th.    Some of the creditors
procured an injunction restraining the sheriff from selling,
and, while the injunction was in force, and on July 23d, the
bankrupt, Van Blaricom, filed his petition in the United
States circuit court, asking that he be adjudged a bankrupt,
and on the 28th day of that month, he was duly and regularly
adjudged a bankrupt.    On August 4th, the temporary in-
junction was dissolved, and thereupon the sheriff advertised
the property for sale on August 11th, and on that date sold
it at public auction.    On August 8th the referee in bank-
ruptcy issued and caused to be served on the sheriff and the
mortgagee, a notice that the property about to be sold was
not the property covered by the mortgage, but that, on the
contrary, it was part of the assets of the estate of the bank-
rupt, and that they would be held liable for any sale, disposal
or conversion of the property.    This action was thereafter
commenced to recover the value of the property on account
of its wrongful conversion.    In the first place, the mortgage
in this case does not attempt to cover after-acquired property.
It has been established beyond cavil  that at least $2,100
worth of the property taken was after-acquired property.
It was not owned by the mortgagor at the time the mortgage
was executed; was not among the property described in the
mortgage, but was purchased by him from time to time after
the execution and recording of this mortgage.    It is there-
fore clear that the property not covered by the mortgage was
wrongfully converted.    It was not taken under the mortgage
or by virtue thereof if not covered by the contract.    The
respondent contends, however, that the mortgage was abso-
lutely void even as to the property it attempted to cover,
for the reason that the mortgagee permitted the mortgagor
to remain in possession of the property and to sell and dis-
pose of the same and retain the proceeds without applying
any part thereof on the payment of the debt secured.    The
fact that the mortgagee permitted the mortgagor to remain
in possession of the property, which was within itself some-

thing like double the value of the debt secured, for a period of one year, and for at least nine months after breach of the conditions named in the mortgage, and sell and dispose of the property, without any attempt to collect any part of the mortgage debt, or take possession of the property, would, as a matter of law, be such a fraud upon attaching creditors and purchasers as to avoid the mortgage. (*Wilson v. Voight,* 9 Colo. 614, 13 Pac. 726; *Stevens v. Curran,* 28 Mont. 366, 72 Pac. 753; *Rocheleau v. Boyle,* 11 Mont. 469, 28 Pac. 878; *Lewiston Nat. Bk. v. Martin,* 2 Ida. 734, 23 Pac. 920.) Notwithstanding these facts, however, the mortgage would be good as to any remaining property covered by it as between the mortgagor and mortgagee in the absence of attachment or other lien or encumbrance prior to the mortgagee taking possession. (*Fisher v. Zollinger,* 149 Fed. 54, 79 C. C. A. 76, and cases there cited; *Thompson v. Fairbanks,* 196 U. S. 516, 25 Sup. Ct. 306, 49 L. ed. 577.)

In this case the mortgagee took possession of the remaining property covered by the mortgage prior to any creditors' rights initiating by reason of an attachment lien or other encumbrance on the property whereby a general creditor could bring himself within the purview of the statute and acquire a right to contest the mortgage. (*Neustadter Bros. v. Doust,* 13 Ida. 617, 93 Pac. 978.) Possession of the remaining mortgaged property having been taken by the mortgagee prior to the rights of any creditor attaching thereto, the mortgagee would be exempt from the application of the general rule.

There is another reason, however, which prevents the appellant from securing a reversal of this judgment, even though it includes the $250 or $300 worth of property that was in fact covered by the mortgage as originally found by the trial court. Upon the first trial of this case, the court found that there was $300 worth of the property covered by the mortgage and $2,100 worth not included in the mortgage, and entered judgment in favor of the plaintiff for only the sum of $2,100. The defendants appealed from that judgment and insisted in this court that under the stipulation heretofore set out, the judgment should be either for the plaintiff in the full

sum of $2,400 or the defendants in the full sum of $2,400 as found by the jury. This court, on that appeal, construed the stipulation in accordance with the contention of appellant, and held that notwithstanding the judgment as entered by the trial court was probably equitable, it was not in accordance with the stipulation. After the case was remanded, the trial court made amended findings and, among other things, found that the goods taken by the defendant were practically all new and different goods from those covered by the mortgage and of the value of $2,400, and that the mortgage did not cover such goods and was void as to those goods. The court thereupon entered judgment against the defendant for the full sum as found by the jury. The appellant on this appeal will not be allowed any different construction of the stipulation from that obtained by him on the previous appeal. On that appeal he contended that the judgment must be either for or against him in the full value of the goods as found by the jury. He will be obliged to abide by that contention on this appeal.

The appellants argue that if the mortgage should be held invalid as against them, that notwithstanding such fact, the defendant Rogers was entitled to set off or counterclaim plaintiff's demand to the extent of the balance due him on the note and mortgage. That position might be tenable under some circumstances in an action between the mortgagor and mortgagee (*Jones v. Annis,* 47 Kan. 478, 28 Pac. 156; *Barton v. Randall,* 4 Kan. App. 593, 46 Pac. 326; *Jacobson v. Aberdeen Packing Co.,* 26 Wash. 175, 66 Pac. 419), but no such principle can be applied in an action by the trustee of a bankrupt estate. In such case, "the filing of a petition in bankruptcy, followed by an adjudication, is a seizure of the property by the law which is equal in rank to seizure on attachment or execution, and with respect to the right to attack transfers or encumbrances by the bankrupt as either actually or constructively fraudulent the trustee stands in the same position as an attachment or execution creditor." (*In re Rogers,* 125 Fed. 169, 60 C. C. A. 567; Bankruptcy Act, sec. 67.)

Plaintiff also assigns the action of the court in overruling his demurrer to the amended complaint as error. The chief argument made in support of this assignment is that the conversion is shown to have taken place prior to the appointment of the plaintiff as trustee in bankruptcy, and that in order for the plaintiff to recover, he must show that he was entitled to the possession of the property at the time of its seizure by defendant. There are two reasons why this assignment cannot be sustained. The demurrer was considered on the previous appeal, and while the opinion does not deal with that assignment, it was necessary to pass on it in order to arrive at the conclusion announced on that appeal. By that decision, we, in effect, held that the demurrer was not well taken. The complaint on its face, however, alleged sufficient facts in proper form. It alleged the plaintiff's appointment prior to the date that it charged the conversion took place. If there was any variance between the proofs and the pleadings, it was necessary to raise that in some other manner than by demurrer. The demurrer was properly overruled.

In the light of the foregoing conclusions, the other assignments of error become immaterial, and their consideration is of no importance to a decision of this case. There is no error in the record that would call for a reversal of the judgment. The judgment is therefore affirmed, with costs in favor of respondent.

Sullivan, J., and Stewart, J., concur.

(March 12, 1908.)

ON PETITION FOR REHEARING.

SULLIVAN, J.—A petition for rehearing has been filed in this case, and it is contended by counsel that the court misapprehended their contention in relation to the construction of the stipulation involved in said suit and as to the condition of the record and other matters. The court held in the former opinion that the substance of appellants' argument on

the hearing was to the effect that the trial court was to determine under the provisions of the stipulation whether the mortgage was on its face a valid and binding instrument.

We do not think the court misunderstood counsel's contention in that regard. The legal effect of that contention clearly was that the court could not find said mortgage valid as to part of the property under consideration, and void as to the other part, and the court in its former opinion, after quoting from said stipulation, said: "It will thus be seen that the court was to determine the validity of the mortgage, not from the instrument itself, but upon the evidence and circumstances shown thereby. It could not have been the intention of plaintiff to consent to a judgment against him for the value of property that was in fact not covered by the mortgage," etc. The court further said: "The conduct of the parties in the trial court shows clearly that they intended that this matter should be determined, not only upon the instrument itself, but upon all the facts and circumstances submitted in evidence." So, if the court had misconstrued the legal effect of counsel's contention, it decided the case along the lines now conceded by counsel to have been his contention. Counsel's contention is to the effect that it was immaterial whether or not the mortgage covered all the goods seized or only a portion thereof, for under the stipulation, should the mortgage be held valid, judgment must go for petitioner for the full value of said property. The court cannot concur with counsel in that interpretation of said stipulation. Counsel for respondent did not intend and, in fact, did not stipulate that judgment should go against his client for any property or the value thereof, which was not covered by said mortgage. The effect of counsel's contention is that if the court should find said mortgage valid so far as one dollar's worth of said property was concerned, then it must find it valid as to the entire amount of property taken by the sheriff. We cannot agree with counsel in that construction of said stipulation.

It is next contended that the evidence does not show that goods covered by said mortgage were sold by the mortgagor and the proceeds thereof applied to his own use with the

knowledge and consent of the mortgagee. The mortgagor knew the terms of his mortgage. He knew that it did not cover any stock purchased and placed in said building to replace that sold by the mortgagor. The mortgagee testified that he expected Van Blaricom would continue in the retail business and expected him to sell and dispose of the stock, and he testified as follows: "I knew he was selling and disposing of it during the time he was there. He never accounted to me for the sales of the stock that I had the mortgage on. I never demanded an accounting for the sales of that stock." Under that evidence, we are unable to comprehend how counsel can so earnestly contend that the evidence fails to show that the mortgagee had no knowledge that the mortgagor was selling said mortgaged property and that he was not applying the proceeds of said sale in payment of the mortgage debt, as he testified to those facts himself. The evidence shows that the mortgagee had knowledge of all of those facts. Where a person takes a mortgage upon a stock of goods, which contains provisions that the mortgagor may remain in possession and continue to sell the goods, and shall apply the proceeds of the sales on the mortgage debt, and it appears that the mortgagor did continue in possession thereof for about nine months and sold off the greater portion of the stock so mortgaged, and made no application of the proceeds of the sale in payment of the mortgage debt, with the knowledge and permission of the mortgagee, such transactions are *prima facie* evidence of the invalidity of the mortgage.

From the evidence, it is clear that the mortgagee knowingly permitted the mortgagor to continue to sell the merchandise covered by the mortgage for more than nine months after its execution, and appropriate the proceeds to his own use. It was held in *Rocheleau v. Boyle*, 11 Mont. 451, 28 Pac. 872, a case similar to the one at bar, that the phrase "knowingly permitted" was equivalent to "understood and agreed," and the court there held that a mortgage under such facts and circumstances "becomes a mere sham, a mere appearance, a delusion asserting in form what is not a fact."

Conceding that the mortgage was valid when executed, the acts and conduct of the parties after its execution were such as to annul its provisions so far as creditors and the trustee in bankruptcy of the mortgagor were concerned. And as there was no provision in said mortgage that it should cover any additions to said stock of merchandise, it never did cover such additions.

A question is raised in regard to the findings of fact containing conclusions of law. It is recognized by eminent authority that it is difficult sometimes to distinguish between an ultimate fact and a conclusion of law, and while our statute, sec. 4407, Rev. Stat., requires the court in giving its decision, to state the facts found and conclusions of law separately, it does not require the court to find probative facts. Ultimate facts and not probative facts are required to be found. While the findings are not as full and complete as might be desired, they are sufficient to sustain the judgment.

Counsel insists that there is no evidence to support the finding to the effect that said mortgage was void. We again suggest that the evidence is amply sufficient to support such finding.

It is strenuously contended by counsel that as the conversion of said goods occurred some days prior to the adjudication in bankruptcy and the appointment of the trustee, that the trustee for that reason would have no right or authority to recover said chattels so converted or their value. We cannot agree with that contention. The bankrupt was the owner of the goods so converted, and had a legal right to their immediate possession at the time of the conversion, and his right continued up to the time of the appointment of trustee, and thereafter the trustee had the same right in regard to said converted property as the bankrupt himself. This disposes of the contention of the appellant that the complaint must allege ownership and right to possession in the plaintiff at the time of the alleged conversion.

Some question is raised as to the sufficiency of the allegations of the complaint. The allegations of the complaint are sufficient to show that the trustee had the legal right to the

immediate possession of said goods at the time the suit was brought, and if legal possession could not be obtained, that he had a right to recover the value of the goods so converted.

It is contended that when the state court acquires jurisdiction of the property and the possession, it may proceed to sell under a mortgage foreclosure and to distribute the proceeds of the sale. That is no doubt true where the mortgage is valid, but under a void mortgage we know of no rule of law that would permit the mortgagee to seize the property of the mortgagor not covered by the mortgage, and sell it under a mortgage foreclosure. The decisions cited by counsel proceed upon the theory that the mortgages involved were valid, and only such property was seized under them as was described therein, while in the case at bar, the greater portion of the property seized was not covered by the mortgage at all, and as to the remainder, the court held the mortgage void. We have no contention on this point with counsel, so far as valid mortgages are concerned, but the rule he contends for is only applicable to valid mortgages and not to void ones.

The petition for a rehearing is denied.

Ailshie, C. J., and Stewart, J., concur.