## In re MARSH.
### No. 4290.

District Court, D. Idaho, S. D.
Aug. 25, 1931.

Laurel E. Elam, of Boise, Idaho, for creditors.

George Donart, of Weiser, Idaho, for attaching creditor N. A. Jacobsen.

Freehafer & McClure and John H. Norris, all of Payette, Idaho, for mortgagee Alfred A. Hallman.

CAVANAH, District Judge.

Certain creditors have petitioned the court to set aside and declare void a certain chattel mortgage given by the bankrupt some two years prior to the adjudication upon the fixtures and stock of merchandise of the bankrupt upon the ground that the mortgage is void under the statutes and decisions of the Supreme Court of the state. While there is some doubt as to whether the procedure adopted by the petitioner is proper as the property and assets of the bankrupt are represented in court by the trustee who is a proper party to bring the proceeding, yet, as no objection is raised by any of the parties and the trustee has had notice thereof, the court will dispose of the question raised upon the record as presented.

It further appears that on July 3, 1931, this court approved an order theretofore made by the referee eliminating from the proceedings in bankruptcy herein the personal property covered by the mortgage, as there was no contention at the time that the mortgage was void as to creditors, but that the property covered by it was insufficient in value to pay the mortgage debt and taxes; but, as the question is now raised that the mortgage is void as to creditors, the court will now dispose of it, which rests upon the interpretation of the mortgage when applied to the decisions of the Supreme Court of the state and the facts in the record. Turning then to the mortgage, we find that it contains the provision now to be construed, "Said mortgagor is hereby given permission to sell any of the drugs, merchandise and supplies now in

said drug store as well as any such as may be acquired hereafter and become covered by this mortgage, provided such sales be in the ordinary course of trade of said business."

The mortgagor remained in possession of the mortgaged property and the mortgage granted to him permission to sell any of the merchandise then in the drug store as well as any thereafter acquired, which all were to be covered by the mortgage, in the ordinary course of business, but it does not require the proceeds to be credited upon the mortgage debt. Therefore the question presented, Is the mortgage void under such circumstances? Of course a chattel mortgage under the decisions of the Supreme Court of the state, given to cover after-acquired personal property, is valid, provided it requires the mortgagor to apply the proceeds of the sales of both present and after-acquired property to the liquidation of the mortgage debt, but failure to contain such requirement invalidates the mortgage as against creditors and other interested parties. The mortgagee did not take possession of the mortgaged property, and, when the petition in bankruptcy was filed, the property was delivered to the trustee by the sheriff who held it under a writ of attachment which amounts to a seizure of the property by the law and is equal in rank to a seizure under the attachment. Neither do the mortgage or facts here meet this requirement, and therefore the mortgage is void as to creditors of the mortgagor under the decision of the Idaho Supreme Court in the case of Ryan v. Rogers et al., 14 Idaho, 309, 94 P. 427, 428, where the court said:

"Where the mortgagor, with the knowledge and consent of the mortgagee, remains in possession of the chattels mortgaged, and with the knowledge and consent of the mortgagee continues to sell and dispose of the same, without applying the proceeds of the sale to the reduction of the mortgage debt, the existence of such facts, whether shown by the mortgage itself or by evidence aliunde, will invalidate and avoid the mortgage as against creditors and other interested third parties. * * *

"The filing of a petition in bankruptcy, followed by a due and regular adjudication, amounts to a seizure of the property by the law which is equal in rank to a seizure on attachment or execution, and with respect to the right to attack transfers or incumbrances by the bankrupt as either actually or constructively fraudulent, the trustee stands in the same position as an attaching or execu-

tion creditor." See Kettenbach v. Walker et al., 32 Idaho, 544, 186 P. 912.

For the reasons thus stated, the order of the referee and this court heretofore made eliminating the personal property from the bankruptcy proceedings herein are set aside, and the remaining property covered by the mortgage is ordered to be delivered to the trustee as part of the assets of the bankrupt's estate, and that the claim of the creditor involved herein is to be considered and prorated as other general creditors.